BARNET SHAIMAN, PROSECUTOR, v. THE MAYOR, BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, AND BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, DEFENDANTS.

Argued January 20, 1937—Decided April 27, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Mortimer Eisner*.

For the defendants, *Frank A. Boettner*.

LLOYD, J. Prosecutor, failing to obtain a permit to convert a part of an apartment house into a store contrary to the zoning ordinance of the city of Newark, appealed to the board of adjustment. That body recommended to the board of commissioners, the governing body of the city, that the application be granted. The governing body, however, denied the application and passed a resolution to that effect. It is this resolution to which the writ was directed.

Subparagraph 4 of paragraph 9 of the Zoning act of 1928, chapter 274, page 702 (*Supp. Comp. Stat.* 1935-1930, § *136-4200J(9) subdiv.* 4), provides that upon its presentation the "governing body * * * may, by resolution, approve of such recommendation," &c. Failing approval, the application falls.

The exercise of authority thus clearly given cannot be set aside except upon adequate grounds, and of such grounds we find none either in procedure or in the final result.

The adjournment of the hearing before the board as applied for by the prosecutor was properly denied. He had already

had one adjournment and gave no adequate grounds for a second.

As to the merits, it was incumbent on the prosecutor to establish that the board's refusal was either illegal in law or unreasonable in fact. Neither is shown.

While there is a stipulation that the affidavits filed on the application for the writ in this case might be deemed sworn testimony, and that the prosecutor might use the minutes of the meeting of the board of commissioners, neither of these aid the prosecutor. Whether the board was right or wrong must depend upon what appeared before it, and the minutes show nothing more than a discussion of the various phases of the subject-matter with neither stipulation nor sworn proofs to show any reason why that body should make an exception to the requirements of the zoning ordinance and approve the recommendation of the board of adjustment.

Of the suggestion that there were other commercial uses in the neighborhood there was no proof, and even if proven nothing to show that the uses did not exist before the zoning ordinance was adopted. The affidavits filed on the application for the present writ are obviously not available to convict the board of error.

The writ is dismissed, with costs.