CARL ASCHENBACH, PROSECUTOR, v. THE INHABITANTS
OF THE CITY OF PLAINFIELD, A MUNICIPAL CORPO-
RATION OF THE STATE OF NEW JERSEY, THE BOARD
OF ADJUSTMENT OF THE INHABITANTS OF THE CITY
OF PLAINFIELD, AND H. EDWIN BUSH, INSPECTOR
OF BUILDINGS OF THE INHABITANTS OF THE CITY
OF PLAINFIELD, DEFENDANTS.

Submitted October 4, 1938—Decided January 25, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Joseph J. Mutnick.*

For the defendants, *William Newcorn.*

The opinion of the court was delivered by

PORTER, J.  This writ brings up for review the action of
the Board of Adjustment of the city of Plainfield in refusing
to recommend to the common council that permission be

granted prosecutor to erect an addition to his public garage and service station garage. He conducts an auto repairing and servicing garage in a building in the rear of a lot fronting on East Second street which is about fifty feet from Church street. There are gasoline stations and automobile showrooms and automobile accessory stores on East Second street at Church street and in the immediate vicinity. There are none such on Church street.

Prosecutor purchased a lot in January, 1937, about forty feet square, fronting on Church street about one hundred and twenty-five feet from the corner of East Second street. This lot abutted the garage building where prosecutor conducted his business in the rear of East Second street. He purchased the lot for the purpose of building thereon a one-story brick building to be used as an automobile showroom and for the purpose of driving through it as an entrance to and an exit from his present garage.

The zoning ordinance prohibits the building of the proposed building for that purpose in that location. A building permit being refused by the inspector of buildings, prosecutor appealed to the Board of Adjustment and applied that it recommend to the common council the granting of the permit, the procedure provided by the ordinance. As previously stated, the board refused to make such recommendation. Its action is attacked as being unreasonable, arbitrary and without proper regard to the private property rights of prosecutor in the use of his land.

With those views we are not in accord.

The property was zoned against the use of property as desired by prosecutor when he purchased it and if he did not know it he could easily have ascertained the facts. He quite probably knew of it and purchased with his eyes open, hoping to have an exception made and secured the permit. His failure, therefore, cannot be said to have worked an undue hardship under the circumstances.

In our view, the facts not being in dispute, the pertinent question, if not the only one, for our consideration is whether the board did exercise an arbitrary and unreasonable act in refusing its approval, constituting an abuse of power.

Its power is discretionary and the courts will not interfere in the absence of fraud or an abuse of discretion. *State* v. *Essex County,* 23 *N. J. L.* 214; *Conger* v. *Middlesex County,* 55 *Id.* 112.

The presumption is that the action of the board was actuated by proper motives and valid reasons.

It had a hearing and heard testimony. It made a written report, after argument and briefs by counsel, to the common council, giving five reasons to support its conclusions.

We conclude that the proofs before us do not show that the prosecutor has established facts which entitle him to relief by this court.

The writ will be dismissed, with costs.