HAROLD SITGREAVES, PROSECUTOR, v. BOARD OF AD-JUSTMENT OF THE TOWN OF NUTLEY AND GEORGE FITTING, BUILDING INSPECTOR OF THE TOWN OF NUTLEY, DEFENDANTS.

Submitted May 6, 1947.—Decided July 21, 1947.

Before CASE, CHIEF JUSTICE, and Justices PARKER and BURLING.

For the prosecutor, *Aaron Heller* and *Murray A. Laiks.*

For the defendants, *William F. Gorman.*

The opinion of the court was delivered by

BURLING, J. This is a zoning case. Application was made by the prosecutor upon behalf of his mother, Minnie E. Sitgreaves, to the Building Inspector of the Town of Nutley for a permit to construct a new building of blocks, 21 feet by 50 feet to be located upon her land approximately 50 feet from the front line of the lot and to be used in operation of the business of repairing automobiles. The size of the lot was 25 feet by 102 feet.

The application was denied upon April 16th, 1946, for the following reason: "The erection of a building to be used for a garage to repair automobiles would violate Section 13 of the Nutley Zoning Ordinance." The premises known as Block 367, Lot 18, located at 93 Conover Avenue, according to the Zoning Map of the Town of Nutley, are located in a Residence "B" District. By the provisions of the said Zoning Ordinance, the erection of said garage and the operation of a business was prohibited in a Residence "B" District under Section 13 of said above mentioned ordinance. Appeal was filed by the prosecutor to the Board of Adjustment of the Town of Nutley upon the following ground of appeal: "Decision appealed because it constitutes a hardship on appellant. Property affected is a lot having a 25 foot frontage on which no dwelling house may be erected." On April 28th, 1946, a meeting of the Board was held to hear the appeal. The Board denied, by unanimous vote of the members present (four), the application and made the following finding:

"This appeal coming on to be heard before the Board of Adjustment of the Town of Nutley, County of Essex, State of New Jersey, on notice, and the Board having viewed the premises in question and having received letters and petition on behalf of persons interested and having decided and determined that the restrictions in the Zoning Ordinance are reasonable in prohibiting the use of the premises mentioned in said appeal for the purpose described in the application for permit and that to permit such use would not be in the inter-

est of all persons concerned and contrary to the spirit of the State Zoning Law and the Zoning Ordinance of the Town of Nutley."

The prosecutor was represented at said hearing by an attorney. At the hearing many remonstrances were made against granting the permit and none spoke in favor thereof. Seven persons withdrew their approval as expressed in a previously favorable petition of twenty persons lodged with the Board.

R. S. 40:55-46 of the Zoning Act provides:

"Certiorari; when allowed; effect. No writ of certiorari to review any decision of the board of adjustment shall issue unless application therefor be made within thirty days after the filing of the decision in the office of the board. The allowance of the writ shall not stay proceeding upon the decision appealed from unless so ordered by the court."

No such application was made. On July 15th, 1946, a written paper entitled "appeal" was filed with the board by the prosecutor at the instance of a new attorney who appears in this proceeding for him. On July 27th, 1946, a meeting of the Board was held. From the minutes of the Board it appears that a request for another hearing was made and the attorney requested a variance. No new written application for permit had been filed with the Building Inspector. The Board decided that "there not being any additional grounds over the appeal of April 28th that the Board will not continue with this hearing."

It would appear that the proper prosecutor was Minnie E. Silgreaves unless the present prosecutor was a person aggrieved within the provisions of R. S. 40:55-42 and that does not so appear. In the depositions he testified:

"Q. And you made application to the building inspector yourself to erect a garage on these premises.

A. I did.

Q. What right have you in the premises?

A. I had the permission from her and she signed the affidavit that the building inspector received.

Q. Does your mother lease the premises to you?

A. No.

*Q.* In other words, you can leave the premises any time you feel like. If you want to get out you can leave it.

*A.* That is possible, yes."

This question was not raised by the defendants and is the subject of amendment as it appears he acted upon her behalf.

The writ of *certiorari* allowed a review of the resolution of the Board of Adjustment of July 22d, 1946, and the only available reason among those assigned is:

"4. The said Board of Adjudgment erroneously and illegally refused the prosecutor a hearing as a result of which the decision of the zoning board should be reversed."

The prosecutor made no contention that the appearance before the Board was intended as an application for a rehearing. The time for review by *certiorari* as prescribed by statute had expired (*supra*). A reasonable statutory limitation upon the time within which *certiorari* may issue is constitutional and what is a reasonable limitation will be determined upon the facts of each case as they arise. It is unnecessary for us to determine whether the statutory limitation would, under all circumstances, be reasonable. We are of the opinion that the provisions of the statute, in the light of the particular facts and the history of this proceeding, should be applied. *Owen* v. *Atlantic City* (*Supreme Court,* 1940), 125 *N. J. L.* 145. See, also, *Hudson Bus, &c.,* v. *Board of Public Utility Commissioners* (*Supreme Court,* 1944), 131 *Id.* 576, 578. In his brief the prosecutor states:

"Decision appealed because it constitutes a hardship on appellant. Property affected is a lot having a 25 foot frontage on which no dwelling may be erected.

"Thereafter, prosecutor took another appeal to the Board of Adjudgment by a notice filed on July 15th, 1946. In that notice of appeal (S. of C. p. 189 par. 6) prosecutor set forth a further ground for requesting the variance, to wit (S. of C., p. 180).

"* * * and upon the further ground that the property has always been used as a garage prior to the passage of the Zoning Act."

The additional ground set forth was available to the prosecutor at the time of the original appeal. At this date, the

prosecutor should not be permitted, by indirection, to review the adverse decision of the board of adjustment on April 28th, 1946. *Crescent Hill, Inc.,* v. *Allendale (Supreme Court, 1937),* 118 *N. J. L.* 302.

If there had been a change in the physical conditions since the first appeal, and none was asserted, there should have been filed a new application with the Building Inspector. *Brandon* v. *Montclair (Supreme Court, 1940),* 124 *N. J. L.* 135; *affirmed (Court of Errors and Appeals, 1940),* 125 *Id.* 367.

Moreover there is no merit in the reasons otherwise asserted in giving consideration to the entire record, including the depositions taken in support of this review, and they will be presently dealt with:

(a) *As to variance from strict performance of the ordinance on the ground of undue hardship.*

In the immediate area in so far as it is not vacant land, the use to which the property has been put is predominately residential.

The minutes of the meeting of April 28th, 1946, disclosed that all the witnesses stated facts tending to show that the granting of the variances would be contrary to public interest and the only evidence offered by the prosecutor, through his attorney was a denial of the asserted facts.

The depositions taken under the rule clearly show that the granting of a variance of 93 Conover Avenue for the use of a business of repairing automobiles would be contrary to public interest.

The lot at 93 Conover Avenue has been used since 1919 as an entrance to the rear of 75 Union Avenue and since 1928 for maintaining a private garage for the use of the occupants at 75 Union Avenue. The prosecutor seeks to abandon this use, which is appurtenant to the Union Avenue property, for a new use which is more profitable and a step in the encroachment upon a residential neighborhood. The fact that the non-conforming use sought would be more profitable to prosecutor is not *per se* sufficient reason for the granting of a variance. *Albright* v. *Johnson (Supreme Court, 1946),* 135 *N. J. L.* 70 (at *p.* 75).

No building in a Residence "B" District can be erected on

any lot with an area less than 6,000 square feet without the consent of the Board of Commissioners, and the width of such lot shall not be less than 60 feet, unless the consent of the Board of Commissioners is obtained or a variance sought under *R. S.* 40:55–39. The prosecutor or the owner of the premises did not want to erect a building in conformity with the scheme of the ordinance, that is, to erect a dwelling house. No application was ever made for the erection of a dwelling house. A dwelling house can be erected on the lot having a frontage of twenty-five feet, and there are such dwellings erected in Nutley.

The presumption of fairness and correctness favors the Board's findings and it exercised a *quasi*-judicial function and its judgment is final in the absence of fraud or other abuse. Exceptions must be considered with the intent and purpose of the statute and ordinance and the authority to vary the application of the general regulation is to be sparingly exercised. *Potts* v. *Board of Adjustment of Princeton* (*Supreme Court,* 1945), 133 *N. J. L.* 230 (at *p.* 238).

The following language from the recent decision of this court in *Interboro Trucking Co, Inc.,* v. *Board of Adjustment of City of Perth Amboy* (*Supreme Court,* 1947), 135 *N. J. L.* 520, is pertinent:

"To warrant this court in reversing the decision of the Board of Adjustment, the evidence must establish that the restriction on the use of the property creates such unnecessary hardship in the setting of its environment as to be unreasonable and an arbitrary and capricious interference with the right of private property. * * *."

"Each of these zoning matters must be determined on the facts in the specific case under consideration and in the instant case the proofs fall far short of establishing that the denial of the variance works that unnecessary hardship, proof of which is a jurisdictional *sine qua non* to the granting of the variance. *Scaduto* v. *Township of Bloomfield,* 127 *N. J. L.* 1."

(b) *As to continuation of a non-conforming use.*

The Zoning ordinance of the Town of Nutley was adopted March 28th, 1922, and was validated by the Enabling Act

(chapter 274 of Laws of 1928) on April 3d, 1928. *Burmore v. Smith (Court of Errors and Appeals,* 1940), 124 *N. J. L.* 541 (at *p.* 546). The present two-car frame garage is eighteen feet by eighteen feet, and was erected subsequent to October 13th, 1928, to replace a tool shed, claimed by the prosecutor to be a garage, ten feet by ten feet. Whatever use the prosecutor had as to the shed ten feet by ten feet was lost by the voluntary demolition of the shed for the purpose of erecting the present building in its stead and the owner was under the legal duty to erect a building and to use it in conformity with the terms of the ordinance. As heretofore stated the premises at 93 Conover Avenue are in a Residence "B" District and have been so zoned since the adoption of the ordinance and the business of repairing automobiles has been prohibited. The use to which the prosecutor made of the shed prior to April 3d, 1928, the date upon which the zoning ordinance was validated, was not a use for the business of repairing automobiles. There was no business carried on. The prosecutor testified that the only automobile he repaired in the building ten feet by ten feet prior to its demolition was his own automobile. In the examination of the prosecutor in reference to his use of the building ten feet by ten feet, he said :

"*Q.* But you repaired an automobile in addition to your own automobile in that building? *A.* I didn't say that.

*Q.* I asked you. Did you repair any other automobile in that building other than your own. *A.* No."

It is settled that the owner of premises which, at the time of the adoption of a zoning ordinance, were used for non-conforming use, may continue such use. He may also restore or repair buildings in which such use existed. (*R. S.* 40:55–48.) He may not, however, enlarge such use without express permission from appropriate authority. *DeVito v. Pearsall (Supreme Court,* 1935), 115 *N. J. L.* 323; *Green v. Board of Commissioners (Supreme Court,* 1944), 131 *Id.* 336; *Meixner v. Board of Adjustment, &c. (Supreme Court,* 1944), 131 *Id.* 599; *Pieretti v. Johnson (Supreme Court,* 1945), 132 *Id.* 576. The spirit of the Zoning Act, as it has properly and frequently been said by the Supreme Court, is

to restrict rather than to increase any non-conforming use. *Burmore* v. *Smith, supra; National Lumber Products Co.* v. *Ponzio (Supreme Court,* 1945), 133 *Id.* 95 (at *p.* 97).

The writt will be dismissed, with costs.