This is an appeal from a judgment entered in the Law Division reversing the respondent Board of Adjustment's refusal to grant a variance from the terms of the zoning ordinance of the City of Passaic.
In March, 1948, the plaintiff held a contract to purchase premises located at 56-70 Passaic Avenue, Passaic, New Jersey, within a residence C zone. The contract contained a provision authorizing the plaintiff to declare it void in the event he did not receive permission within ninety days to conduct a funeral parlor at the premises. On March 31, 1948, the plaintiff filed application for a variance with the Board of Adjustment of Passaic. His application was denied. Notwithstanding the denial and "because others were after the property" the plaintiff proceeded with his purchase of the property and received a deed under date of June 29, 1948. Thereafter, he filed a new application for a variance with the Board of Adjustment, testimony pursuant thereto was duly taken, and the members of the Board made an inspection of the premises.
The premises consist of a twenty-two-room dwelling house located on Passaic Avenue between Gregory Avenue and Grove Street. To the left of the premises is another large dwelling which has been converted into a rooming house and to the right is a church. Across the street there are one-family dwelling houses which, in some instances, have been converted into professional suites used by doctors as offices or offices and homes. Nearby along Gregory Avenue and Grove Street are dwelling structures and apartments. Under the terms of the zoning ordinance buildings in residence A districts may be used for single-family dwellings, churches, public libraries, schools, parks or playgrounds and most forms of agriculture; *Page 97 
buildings in residence B districts may be used for all purposes permitted in residence A districts plus multiple-family dwellings and apartment buildings; and buildings in residence C districts may be used for all purposes permitted in residence A and B districts plus hotels and boarding or lodging houses. Expert witnesses for the plaintiff testified before the Board that in view of its size and the expense involved in its maintenance, it was no longer feasible to continue the premises as a one-family dwelling house. However, one of the plaintiff's experts acknowledged that in its present condition it might be used for other purposes such as a rooming house. It was not disputed that, Passaic being an industrial town and having relatively little vacant land, the plaintiff's land was valuable and suitable for the erection of apartments similar to others being constructed in the general area although the present structure could not be converted for such use without extensive alteration.
The Board, in denying the plaintiff's application for a variance pointed out that (1) no case of unnecessary hardship had been established, (2) the plaintiff purchased the premises with full knowledge of the restrictions, and (3) in addition, it based "its decision on its sound judgment and in keeping with its desire to protect the general welfare of the City and this area in particular." The plaintiff then filed a complaint in the Law Division seeking a reversal of the refusal of the Board to vary the provisions of the zoning ordinance. The Law Division reversed the Board's action stating that "a case of unnecessary hardship and special conditions" had been established entitling the plaintiff to use the premises as a funeral home and that "there simply is no other practical or economic use to which the property may be put." The present appeal seeks the setting aside of the Law Division's judgment and the reinstatement of the determination by the Board.
Under the former practice the Board's denial of an application for variance in cases of alleged unnecessary hardship was reviewable by prerogative writ in the Supreme Court which ordinarily confined itself to the issue of whether the Board of Adjustment had acted reasonably upon the showing *Page 98 
made before the Board. See Shaiman v. Mayor, Board of Com'rs ofCity of Newark, 15 N.J. Misc. 437 (Sup. Ct. 1937); Potts v.Board of Adjustment of Princeton, 133 N.J.L. 230 (Sup. Ct.
1945). Presumptively, the Board's action was correct and the burden was upon the person attacking it to prove otherwise. SeeSitgreaves v. Board of Adjustment of Nutley, 136 N.J.L. 21,26 (Sup. Ct. 1947); National Lumber Products Co. v. Ponzio,133 N.J.L. 95, 98 (Sup. Ct. 1945). Under present practice the Board's action is reviewable by complaint in the Law Division under Rule 3:81-2; the Law Division's function, however, is generally similar to that exercised by the former Supreme Court. Where, as here, there was a complete stenographic record of the proceedings before the Board, the Law Division properly examined the record for the purpose of ascertaining therefrom whether the plaintiff had carried his burden of establishing that the Board's denial was unreasonable, arbitrary, or capricious. Cf. Potts v.Board of Adjustment of Princeton, supra, at pp. 238, 239. We likewise have examined the record for that purpose and have concluded that the Law Division's determination that the Board's decision was "unreasonable, arbitrary and capricious" was without foundation and must be reversed.
R.S. 40:55-39(c) as amended by P.L. 1948, c. 305, in force when the Board of Adjustment made its determination (Cf.P.L. 1949, c. 242), set forth that the Board may grant a variance where, by reason of the "extraordinary and exceptional situation or condition" of the property, a strict application of the zoning regulations would result "in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon, the owner," provided, the relief "may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of the zone plan and zoning ordinance." We incline to question the sufficiency of the plaintiff's showing of practical difficulties or undue hardship within the statutory contemplation. Cf. Ramsbotham v.Board of Public Works, 2 N.J. 131 (Sup. Ct. 1949); Scerbov. Board of Adjustment of Jersey City, 4 N.J. Super. 409,67 A.2d 472 (App. Div. 1949). He *Page 99 
purchased his property with full knowledge of the zoning restrictions and after denial of his first application for a variance. Although this circumstance did not constitute an absolute bar to the relief he sought, it was a material element which the Board properly considered. Cf. Aschenbach v.Plainfield, 121 N.J.L. 598, 599 (Sup. Ct. 1939); affirmed,123 N.J.L. 265 (E. A. 1939). His contention and the lower court's finding that he was entitled to use the premises as a funeral home because they could not be put to "other practical or economic use" are not supported by the testimony. Indeed, the premises, even without extensive alterations, may be used for other available purposes, including a rooming house. Admittedly, the fact that the plaintiff's use of the premises as a funeral home may be more profitable to him is in nowise controlling. SeeBrandon v. Montclair, 124 N.J.L. 135, 149 (Sup. Ct. 1940); affirmed, 125 N.J.L. 367 (E. A. 1940).
While the foregoing would appear sufficient to negate the suggestion that the Board's denial was without reasonable basis, we believe that its action must be sustained under the proviso inP.L. 1948, c. 305 (R.S. 40:55-39(c)), then in effect, which contemplated denial of the variance where it would constitute a substantial detriment to the public good or substantially impair the purpose of the zone plan and zoning ordinance. The area in question was dedicated by the ordinance for residence purposes. While the record indicates that the area has been shifting from one-family dwellings to apartments, rooming houses, and professional suites occupied as offices and homes, it is still residential and available for further residential development rather than industrial and business purposes. The Board evidently concluded that the intrusion of a business, particularly the operation of a funeral home, would tend to impair substantially the design of the ordinance in restricting the area to purposes permitted within the residence districts. We do not believe that such conclusion, under the circumstances presented, can be said to have been unreasonable, arbitrary or capricious. Cf. Babcockv. Laidlaw, 113 N.J. Eq. 318 (Ch. 1933).
The judgment below is reversed. *Page 100