16 N.J. Super. 113 (1951)
84 A.2d 18
AUGUST J. BRANDT, PLAINTIFF-RESPONDENT,
v.
THE ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF MOUNT HOLLY AND HERBERT R. HUNT AS ZONING ADMINISTRATIVE OFFICER OF THE TOWNSHIP OF MOUNT HOLLY, AND THE TOWNSHIP OF MOUNT HOLLY, IN THE COUNTY OF BURLINGTON, A MUNICIPAL CORPORATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1951.
Decided October 24, 1951.
*115 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Robert W. Criscuolo argued the cause for the appellants (Messrs. Parker, McCay & Criscuolo, attorneys).
Mr. James M. Davis, Jr., argued the cause for the respondent.
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment entered in the Law Division directing that the plaintiff be granted a variance from the terms of the zoning ordinance of the Township of Mount Holly.
The plaintiff is the owner of premises located within the district known as residence "A" under the zoning ordinance adopted in 1946 by the Township of Mount Holly. The premises within the district are devoted to residential and agricultural purposes; however, the plaintiff has sold coal at retail at his premises since 1932 and has lawfully continued this business as a nonconforming use. The increasing *116 shift by consumers from coal to oil heating made his entry into the retail fuel oil business economically desirable and in 1949 he sought permission to engage additionally in the fuel oil business. Pursuant to application the board of adjustment in 1949 recommended that a variance be granted but the Township of Mount Holly never approved this recommendation. In 1950 the plaintiff applied to the zoning administrative officer of the township for a certificate of occupancy to permit him to store fuel oil but his application was denied. He then appealed to the board of adjustment seeking a recommendation for variance (R.S. 40:55-39 (d)) to sanction his erection and maintenance above ground of three cylindrical tanks of 10,000 gallons each for the storage of fuel oil and his sale of fuel oil in addition to coal. After due hearing the board of adjustment dismissed his appeal on the ground that the variance would be inconsistent with the spirit and purpose of the zoning ordinance.
Thereupon the plaintiff filed a complaint in the Law Division of the Superior Court (Rule 3:81-2) and the parties executed a stipulation which set forth, in addition to the foregoing facts, that the area had recently undergone rapid residential development, including the construction of 42 houses, the nearest of which was 300 or 400 feet from the point where the oil tanks were sought to be placed. Paragraph 2 of the stipulation stated that "the question for the determination of the court is as to whether or not the hardship to the plaintiff in the premises outweighs or is outweighed by the public policy enunciated in the zoning ordinance." Acting on the stipulation the lower court concluded that a variance should be granted and entered judgment compelling such relief from the defendants.
It is settled that although R.S. 40:55-48 permits the continuance of nonconforming uses it does not contemplate their enlargement or extension. Home Fuel Oil Co. v. Board of Adjustment of Glen Rock, 5 N.J. Super. 63, 67 (App. Div. 1949). Indeed, recent decisions by our courts have stressed that the spirit of the Zoning Act is to restrict *117 rather than increase nonconforming uses and that authority to vary the application of general zoning restrictions should be sparingly exercised. Lumund v. Board of Adjustment of the Borough of Rutherford, 4 N.J. 577, 585 (1950). In R.S. 40:55-39 which relates primarily to variances and exceptions the Legislature has, among other matters, directed that relief thereunder shall not be had unless it can be granted "without substantial detriment to the public good and will not substantially impair the intent and purpose of the zone plan and zoning ordinance." A board's action in denying such relief is presumptively correct and the burden is upon the person attacking it to prove otherwise. See Sitgreaves v. Board of Adjustment of Nutley, 136 N.J.L. 21, 26 (Sup. Ct. 1947); National Lumber Products Co. v. Ponzio, 133 N.J.L. 95, 98 (Sup. Ct. 1945). On judicial review the proper issue is whether the board acted reasonably upon the showing made before it and its denial will be sustained in the absence of an affirmative showing that it was unreasonable, arbitrary or capricious. Marrocco v. Board of Adjustment of the City of Passaic, 5 N.J. Super. 94, 97 (App. Div. 1949), certif. denied 3 N.J. 379 (1949). The court is not empowered to displace the authority which the Legislature has delegated to the board of making the original determination as to whether there ought be a variance, and stipulation by the parties to the contrary would be ineffectual. Cf. Oliva v. City of Garfield, 1 N.J. 184, 189 (1948).
In the instant matter the plaintiff is seeking to operate, in addition to his coal business, a retail fuel oil business and maintain in connection therewith three 10,000 gallon cylindrical tanks located above ground; it seems clear that this would constitute a substantial extension or enlargement of his nonconforming use. Home Fuel Oil Co. v. Board of Adjust. of Glen Rock, supra. The area is admittedly residential and has recently undergone further residential development. Apart from agriculture there is no commercial activity in the vicinity except the plaintiff's nonconforming coal business. While his coal business may have diminished *118 and his entry into the retail fuel oil business may be economically desirable, there is no indication that his premises may not still be used to advantage, either for the continuance of the coal business, or for the purposes permitted by the terms of the ordinance as are the premises of his neighbors within the same residential zone. Acceptance of the plaintiff's position that his proposed enlarged use would be more profitable to him and no more harmful to the neighborhood would not dictate a variance. National Lumber Products Co. v. Ponzio, supra; Lynch v. Hillsdale, 136 N.J.L. 129, 133 (Sup. Ct. 1947), affirmed 137 N.J.L. 280 (E. & A. 1948). On the other hand, sympathetic recognition of the requirement in the Zoning Act that the intent and purpose of the zone plan and zoning ordinance be not substantially impaired (R.S. 40:55-39), and the policy in favor of restricting rather than increasing nonconforming uses (Lumond v. Bd. of Adjustment of the Borough of Rutherford, supra), would fairly appear to support denial of the variance.
In any event, nothing in the record supports the contention that the board acted unreasonably, arbitrarily or capriciously in refusing to recommend that a variance be granted; and since that was the only matter properly before the Law Division its judgment directing the defendants to grant the relief sought was erroneously entered and must be reversed. Marrocco v. Bd. of Adjustment of the City of Passaic, supra. During the argument on appeal reference was made to alleged circumstances which have not been considered because they find no support in the record. If further application for relief is made by the plaintiff he will be at liberty to make, in regular course, full presentation before the board which will consider the matter upon the showing then made before it.
Reversed.