16 N.J. Super. 365 (1951)
84 A.2d 652
CHARLES J. SHIPMAN, 2ND, PLAINTIFF-APPELLANT,
v.
TOWN OF MONTCLAIR, BOARD OF ADJUSTMENT OF THE TOWN OF MONTCLAIR, AND WILLIAM F. KARL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1951.
Decided November 21, 1951.
*366 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Ernest F. Keer, Jr., argued the cause for the appellant (Messrs. Boyd, Dodd, Keer & Booth, attorneys).
Mr. Samuel Allcorn, Jr., argued the cause for the respondents.
The opinion of the court was delivered by JACOBS, S.J.A.D.
The board of adjustment denied the plaintiff's application for a variance from Montclair's zoning *367 ordinance to permit his construction of garden apartments within a one-family dwelling zone; thereafter the matter was reviewed in a proceeding under Rule 3:81-2 and the board's denial was sustained in a full opinion filed in the Law Division; and the present appeal is from the ensuing judgment.
The plaintiff is in the real estate business and has an interest in many buildings including apartment houses located in Montclair and East Orange. After considerable negotiation he entered into a contract dated June 7, 1950, for the purchase of a vacant tract of land which may be designated as 370 Orange Road. The premises are approximately 200 feet wide and 700 feet deep and the plaintiff proposes to erect garden apartments for 60 families together with parking facilities for 51 cars. The immediate neighborhood along Orange Road, namely, the six blocks between Grenada Place and Ward Place, is admittedly residential and most of the buildings are single-family owner-occupied dwellings although several are apparently being used by two or more families. There are several vacant lots in the vicinity, including the lot immediately south of the plaintiff's premises. Immediately north of the plaintiff's premises is a 38-family garden apartment which was completed late in 1950.
Prior to 1943 the area had been zoned for two-family detached or semi-detached dwellings. At that time there were extensive shifts of population resulting from the increased industrial activity incident to World War II and many communities including Montclair anticipated large increases in their population. To provide for their housing needs, sections of Montclair, including the area in which plaintiff's premises are located, were re-zoned from single or two-family to multiple-family districts within which garden apartments could be erected. The 38-family garden apartment adjacent to plaintiff's premises was lawfully erected pursuant to this zoning change.
It soon appeared that the anticipated severe rise in population would not materialize and Montclair's population increased *368 only slightly during the decade prior to 1950. Accordingly, Montclair's planning board made an extensive study to determine what zoning changes should be made in view of its relatively stable population and its desire to remain primarily as a single-family residential community. Numerous meetings were held culminating in a public hearing on April 13, 1950, to consider proposed changes in the zone map. These changes were designed to upgrade the south side of Montclair by increasing the residential land restricted to one-family use and by concentrating in the commercial area the decreased land permissible for apartment development. In the language of the town planner: "On overall zoning the plan was to shrink the apartment districts in closer to and surrounding the central business district, and thereby utilize apartments by rebuilding and rehabilitating areas which are more subject to blight, and preserve the outlying areas for residential development in the more protected zones, and to protect the already existing development in those areas."
On June 1, 1950, an ordinance amending the town's zoning ordinance and embodying the changes was introduced and was duly adopted thereafter. As a result the land which is the subject of the plaintiff's contract dated June 7, 1950, and its adjacent neighborhood were withdrawn from zone R-3 which permitted garden apartments and placed in zone R-1 which is confined largely to one-family dwellings. In September, 1950, the plaintiff applied to the building inspector for a permit to build his proposed garden apartments and his application was denied. He appealed to the board of adjustment for a variance but this was likewise denied because (1) application of the provisions of the ordinance would not "result in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon, the owner of said property or the present appellant," and (2) the requested variance could not be granted "without substantial detriment to the public good and without substantially impairing the intent and purpose of the zone plan and the *369 Zoning Ordinance of the Town of Montclair." See R.S. 40:55-39; Lumund v. Bd. of Adjustment of the Borough of Rutherford, 4 N.J. 577, 585 (1950); Brandt v. Zoning Board of Adjustment of the Township of Mount Holly, 16 N.J. Super. 113 (App. Div. 1951). He then filed his complaint before the Law Division and by consent depositions were taken by the parties. Although the complaint attacked the constitutional validity of the amendment of the zoning ordinance, that ground was abandoned by the plaintiff. Similarly, the plaintiff has abandoned any attack on the Law Division's use of the testimony taken in the course of the depositions. His sole ground of appeal pressed at the argument is that the findings and determination of the board of adjustment were arbitrary and unjustified and the Law Division erred in refusing to set them aside.
The testimony on the plaintiff's behalf was that he entered into his contract of June 7, 1950, without knowledge of the impending zoning amendment. The testimony on the town's behalf indicated that the proposed zone change had been widely publicized for months; that extensive reports thereof had appeared in Montclair and Newark newspapers; and that the amendment was introduced on June 1, 1950, and adopted in due course thereafter. The Law Division concluded that acceptance of the plaintiff's claim of lack of knowledge would "strain credulity" and that in any event he should be held chargeable with notice of the introduction of the zoning amendment prior to the execution of his contract. Cf. Aschenbach v. Plainfield, 121 N.J.L. 598, 599 (Sup. Ct. 1939), affirmed 123 N.J.L. 265 (E. & A. 1939). Witnesses for the plaintiff testified that his premises are not suitable for one-family houses; on the other hand witnesses for the town testified that the premises are suitable for the development of one-family houses and that these houses can be built for sale at currently acceptable prices with reasonable profit to the plaintiff. Although a garden apartment development might well be more profitable and involve less financial hazard (cf. Marrocco v. Bd. of Adjustment of the City of *370 Passaic, 5 N.J. Super. 94, 99 (App. Div. 1949) certif. denied 3 N.J. 379 (1949)), there are admittedly no physical obstructions or special topographic conditions which would impede the building of one-family houses on the plaintiff's premises which are similar to the other vacant lands in the area. Under all of the circumstances the sufficiency of the plaintiff's showing of exceptional and undue hardship may properly be questioned. See R.S. 40:55-39; Ramsbotham v. Board of Public Works, Paterson, 2 N.J. 131, 135 (1949); Home Builders Association of Northern New Jersey v. Paramus Bor., 7 N.J. 335, 343 (1951); Stolz v. Ellenstein, 7 N.J. 291, 295 (1951).
In any event, we are satisfied that the board's denial may be sustained under the general provision in R.S. 40:55-39 that no action may be taken thereunder unless the "relief can be granted without substantial detriment to the public good and will not substantially impair the intent and purpose of the zone plan and zoning ordinance." See Lumund v. Bd. of Adjustment of the Borough of Rutherford, supra; Brandt v. Zoning Board of Adjustment of the Township of Mount Holly, supra. The immediate area in which plaintiff's land is located has in good faith and with reasonable basis been dedicated to one-family residence purposes. Guaclides v. Englewood Cliffs, 11 N.J. Super. 405, 413 (App. Div. 1951). If the proposed 60-family garden apartment were permitted on the plaintiff's tract of land there would result, apart from traffic and school problems, serious discouragement of attempts to preserve and develop the one-family dwelling nature of the neighborhood. Marrocco v. Bd. of Adjustment of the City of Passaic, supra. It is true, as the plaintiff points out, that a 38-family garden apartment is already extant; but this was permitted under the town's erroneous prognostication as to population rise and the very purpose of the zone amendment was to avoid repetition or intensification of the mistake. See Greenway Homes v. River Edge, 137 N.J.L. 453, 458 (Sup. Ct. 1948). As the town planner put it: "The fact that the garden apartment is there is bad enough in itself, *371 but it is a matter of degree. More of that use in the area would have a tendency to depreciate the area for single-family use and discourage any further development along single-family lines."
Recent decisions by our courts have stressed that the spirit of the Zoning Act is to restrict rather than increase nonconforming uses and that authority to vary the application of general zoning restrictions should be sparingly exercised. Lumund v. Bd. of Adjustment of the Borough of Rutherford, supra. The board's action in denying a variance was presumptively correct and the burden was upon the plaintiff to prove otherwise. See Sitgreaves v. Board of Adjustment of Nutley, 136 N.J.L. 21, 26 (Sup. Ct. 1947); National Lumber Products Co. v. Ponzio, 133 N.J.L. 95, 98 (Sup. Ct. 1945). On review in the Law Division the proper issue was whether the board acted reasonably in denying the plaintiff's application for variance. Marrocco v. Bd. of Adjustment of the City of Passaic, supra. Upon the record in the instant matter we find no adequate basis for concluding that the board's determination was unreasonable, arbitrary or capricious and, accordingly, the judgment of the Law Division refusing to disturb the denial of variance must be sustained. Brandt v. Zoning Board of Adjustment of the Township of Mount Holly, supra.
Affirmed.