CHIRON W. SMITH *vs.* CITY COUNCIL OF MARLBOROUGH
& another.

Middlesex.   October 5, 1938. — April 11, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Zoning.*

Complaint of the granting of a permit for a new business use of land alleged to be in a residence district under a city zoning ordinance was groundless where at the effective date of the ordinance the premises had long been used for another business and under the ordinance districts were determined by the nature of use at that date and lands then used "for any business" were not included in residence districts.

APPEAL in equity to the Superior Court under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, filed November 17, 1937.

The case was dismissed by decree entered by order of *M. Morton,* J. The plaintiff appealed.

*E. T. Simoneau,* for the plaintiff.

*W. Temple,* for the defendants.

LUMMUS, J. One Searles owns a lot of land in Marlborough, containing about seven thousand feet. A zoning

ordinance divided the city into residence districts and non-residence districts. The ordinance was of the type that purports to cause the districts to be determined automatically according to the prevailing use of different sections of streets at the time when the ordinance was enacted and became effective. When that time was, the record does not state, but the briefs agree that it was January 11, 1927.

On the assumption that the land of Searles was within a residence district, the plaintiff claimed an appeal to the Superior Court in equity under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, from the action of the city council in granting Searles a permit to erect a gasoline filling station and "lubritorium" on his land, and to keep and store petroleum thereon. There was much controversy over the question whether he had obtained the "written consents" of "three-fourths of the owners or legal representatives of the owners of all lands . . . including vacant lands which are within the same [zoning] block . . . but not further from the land in question than four hundred feet, and also three-fourths of the owners or legal representatives of the owners of all lands within four hundred feet on either side of the land in question and fronting on either side of the same street, streets or ways." Such consents were required by the terms of the ordinance in order to permit a business use in a residence district. We need not discuss questions of jurisdiction or practice (*Calligaris's Case*, 292 Mass. 397), nor the constitutionality of making the use of land dependent upon consent of the neighbors. *Inspector of Buildings of Lowell* v. *Stoklosa*, 250 Mass. 52, 61 *et seq.* *Bennett* v. *Board of Appeal of Cambridge*, 268 Mass. 419. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works*, 289 Mass. 149, 190. *Seattle Title Trust Co.* v. *Roberge*, 278 U. S. 116. *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp.* 299 U. S. 183, 194. The correctness of the final decree dismissing the "appeal and petition" is plain, upon a simple ground.

By G. L. (Ter. Ed.) c. 40, § 26, as appearing in St. 1933, c. 269, § 1, a zoning ordinance or by-law "shall not apply to existing buildings or structures, nor to the existing use of

any building or structure . . . ."  *Cochran* v. *Roemer*, 287 Mass. 500.  *Wilbur* v. *Newton*, *ante*, 38, 43.  The ordinance in question does more than recognize that statutory limitation upon the zoning power.  *LaMontagne* v. *Kenney*, 288 Mass. 363.  It wholly excludes from residence districts "all lands which at the time this ordinance becomes effective are used for any business or industry," with certain immaterial exceptions.  The master finds that Searles, from 1899 until the filing of his application on July 26, 1937, used the land not only for his residence but also for a building sixty feet long and forty feet wide which was used in his wholesale candy business.  Upon these facts the land was not in a residence district at all, and the foundation of the plaintiff's case disappears.

*Decree affirmed.*