TIMOTHY L. DONAHUE

*vs.*

CITY OF PORTLAND, A. EDWIN SMITH AND RALPH D. BROOKS.

Cumberland.　　Opinion, September 11, 1940.

84

*Verrill, Hale, Dana & Walker*, for complainant.
*W. Mayo Payson*, for respondents.

SITTING: BARNES, C. J., THAXTER, HUDSON, MANSER, WORSTER, JJ.

BARNES, C. J.    On appeal by plaintiff. This bill in equity, filed on June 30, 1938, was brought by the plaintiff, owner and operator of a restaurant, in the City of Portland, engaged in the business of dispensing food, beer and ale, who represents himself as the holder of a state license for the sale of malt beverages, under the provisions of Chap. 268, P. L. 1933, Chap. 201, P. L. 1937, and Chap. 118, P. L. 1939, and lastly, if at all, by virtue of Chapter 160 of the Private and Special Laws of 1917, wherein it is provided that "The municipal officers of the City of Portland are hereby authorized to grant licenses for the following businesses and purposes for such periods of time and in accordance with such rules and regulations not inconsistent with law, and upon payment by the licensee of such fees as the city council of said city may make and establish by ordinance, to wit: . . . victualers . . ."

Plaintiff complains of unjust treatment of himself and his business under an ordinance, passed October 18, 1937, by the City Council of the City of Portland, being the municipal officers of said City of Portland, which, with omission of no consequence, reads as follows:

> "Section 1.  In accordance with Chapter 213 of the Private and Special Laws of 1915 as amended by Chapter 160 of the Private and Special Laws of 1917, the following fees are hereby fixed and determined by the City Council of Portland, and no person shall carry on any business herein named within the City of Portland without having procured a license and having paid to the City Clerk therefor the fee hereby fixed, viz:
>
>     . . . .
>
>     . . . .

| Victualer — without beer | $10.00 per annum |
| with beer | 35.00 " " |
| advertising | |
| victualer with beer | 1.50 " " |

"Section 2. All ordinances or parts of ordinances inconsistent herewith are hereby repealed."

He alleges that the ordinance "imposes an extra tax or fee of $26.50" per annum, on the business of a victualer selling beer, and for that reason "is discriminatory, unauthorized, illegal and void."

With the city are joined the city clerk and the chief of police.

Plaintiff prays that a permanent injunction enjoining the defendants and each of them and all persons acting in concert with them from enforcing that portion of the ordinance which imposes an extra tax or fee on the business of a victualer selling beer may issue. And that the plaintiff may have such other and further relief as the nature of the case may require.

Respondents deny that the ordinance in so far as it imposes a higher fee on the business of a victualer serving food "with beer," is a tax on the business of selling beer; that the ordinance is discriminatory, unauthorized, illegal and void; that its enforcement will cause great and irreparable injury etc., and further answering say: "— that as a class victualers serving beer and ale to their customers require and need from said respondent, City of Portland, much more supervision and regulation than such victualers as do not serve beer and ale to their customers, wherefore a greater expense is imposed upon said City of Portland for such supervision and regulation."

To be enforceable, municipal ordinances must be reasonable, and not repugnant to law. *State* v. *Starkey*, 112 Me., 8, 90 A., 431; *Lewiston* v. *Grant*, 120 Me., 194, 113 A., 181.

In determining the validity of municipal ordinances, their reasonableness will be presumed. *Etchison* v. *Frederick City*, 123 Md., 283, 91 A., 161.

But the power of the court to declare municipal by-laws, enacted under general authority, invalid, if they are unreasonable, is unquestioned.

It is a power, however, to be cautiously exercised. When doubt exists, it should be resolved in favor of the validity of the by-law. *State* v. *Small*, 126 Me., 235, 137 A., 398.

"Whether a particular ordinance is unreasonable and therefore void, is a question to be determined by all the circumstances of the city, the objects to be attained, and the necessity which exists for the ordinance." *Chicago & A. Railway Co.* v. *City of Carlinville,* 103 Ill., App. 251 ; *City of Scranton* v. *Straff,* 28 Pa., Supr. Ct. 258.

"The reasonableness or sufficiency of an ordinance or by-law is not to be tested always by its application to extreme cases." *Comm.* v. *Cutter,* 156 Mass., 52, 29 N. E., 1146.

Where party attacking municipal inspection fee offered no evidence touching cost of inspection, trial and reviewing courts had right to assume, absent contrary evidence, that fee was reasonable. *Salt Lake City* v. *Bennion Gas & Oil Co.,* 80 Utah, 530, 15 P., 2nd 648.

As a general rule, it may be stated that there is a presumption in favor of the validity of an ordinance passed in pursuance of statutory authority.

"Every presumption is to be made in favor of the constitutionality of such an ordinance, and it will not be declared unconstitutional without clear and irrefragable evidence that it infringes the paramount law." *St. Johnsbury* v. *Aron,* 103 Vt., 22, 151 A., 650.

As said by this court in *Randall* v. *Tuell,* 89 Me., 443, 36 A., 910, "The statute is explicitly prohibitory, and the license required is clearly for the protection of the public and to prevent improper persons from engaging in a particular business."

It is still the duty of the city fathers to safeguard the health of those who purchase food and drink of a victualer, by rigid requirements as to sterilization of drinking glasses, and probably by repeated inspection of the quarters of the licensee.

In theory, the ordinance, with consequent inspection, is necessary to lessen and hold in check diseases communicable to human beings, and it would seem that all reasonable men, at all informed as to transmission of germs of disease, will agree that a fee in the amount levied in this case is not unreasonable in amount to insure continuous inspection and effectual supervision over what may be a large business of serving beer with victuals.

*Appeal dismissed.*
*Decree below affirmed.*