INSPECTOR OF BUILDINGS OF BURLINGTON *vs.* WALTER F. MURPHY.

Middlesex. May 7, 1946. — September 16, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Zoning. License.*

The provisions of § 26 of G. L. (Ter. Ed.) c. 40, as appearing in St. 1933, c. 269, § 1, did not legalize the construction, for use for a purpose in violation of the terms of a valid zoning by-law of a town respecting the uses permitted in a residence district, of a building which either was an "extension" of a larger building used for that purpose before the adoption of the by-law, or was a new, separate building constructed for that purpose.

A building permit issued by the building inspector of a town cannot legalize a structure which is in violation of a valid zoning by-law.

BILL IN EQUITY, filed in the Superior Court on June 4, 1945.

The suit was heard by *Dillon, J.,* by whose order a final decree was entered enjoining the defendant "from using a

certain building erected by the defendant on the land on Center Street, Burlington, Massachusetts, described in the bill of complaint, which said building being about thirty-six feet by sixty feet is attached to the building now located on said premises and used for the purpose of the slaughtering of animals."

*J. G. Bryer*, for the defendant.

*J. J. Moss*, Town Counsel, for the plaintiff.

LUMMUS, J.   On November 13, 1945, the Superior Court entered a final decree permanently enjoining the defendant against using a certain building declared to be about thirty-six feet wide and sixty feet long erected by him on his land in the spring of 1945, which the decree declared to be attached to a larger building which prior to the adoption of a zoning by-law by the town of Burlington in 1943 and ever since has been used for slaughtering swine.   The defendant appealed.

The validity in general of that zoning by-law was established in *Burlington* v. *Dunn*, 318 Mass. 216.   The defendant's land, comprising about twenty-five acres, is located in a "Residence B District" in which, the zoning by-law provides, no building or structure can lawfully be erected for any commercial purpose except farming, which as defined excludes the keeping of more than three swine.   The word "structure" is defined as "anything constructed or erected, the use of which demands a permanent location in the soil, or attached to something having a permanent location in the soil."   Under the heading of "non-conforming uses," it is provided that "no building or premises devoted to a non-conforming use or uses, in whole or in part shall be structurally changed, enlarged or extended" unless the uses become conforming uses.   It is further provided that "a non-conforming building or structure shall not be altered except as ordered by the building inspector to make it safe."

The judge made no express finding of facts, but the evidence is reported.   From the evidence it appears that for some years before the adoption of the zoning by-law the defendant kept swine on his land and that he used a large building thereon for slaughtering large numbers of swine

raised by him and others. In the spring of 1945, after the zoning by-law had been in force more than a year, he constructed the building referred to in the final decree, which was about twenty-two feet by thirty-five feet in size, and was either an extension of the large building, as the final decree intimates, or a separate building, and was constructed for the purpose of keeping swine before slaughtering them, for which purpose a part of the large building had previously been used. Whether the new building be deemed a part of the large building or not, its construction violated the terms of the zoning by-law. See *H. W. Robinson Carpet Co.* v. *Fletcher*, 315 Mass. 350, 353.

The main question is whether the defendant is protected by the statute relating to nonconforming uses. In *Cochran* v. *Roemer*, 287 Mass. 500, the existence at the passage of a zoning law of a small coal and coke business was held to justify the later erection of a large coal elevator for the purpose of carrying on a much larger business. But that case was decided under the zoning statutes applicable to the city of Boston, which have always been more liberal toward nonconforming uses than the general statutes applicable elsewhere. St. 1924, c. 488, § 9. St. 1932, c. 143, § 3. St. 1941, c. 373, § 8, which took effect by acceptance by the city council and approval by the mayor in May, 1943, of St. 1938, c. 479. The present case depends upon statutes that have a wholly different history. St. 1920, c. 601, § 7. G. L. (1921) c. 40, § 29. St. 1925, c. 116, § 3. St. 1933, c. 269, § 1, by which the number of the section of G. L. (Ter. Ed.) c. 40 that relates to nonconforming uses is made § 26.

Under the section last cited, which prescribes the minimum of tolerance that must be accorded to nonconforming uses (*LaMontagne* v. *Kenney*, 288 Mass. 363; *Paul* v. *Selectmen of Scituate*, 301 Mass. 365; *Smith* v. *City Council of Marlborough*, 302 Mass. 571, 573), existing buildings and structures, and the existing use of any building or structure or of land, are protected against zoning regulations. But zoning regulations may apply to any "change of use," and "to any alteration of a building or structure when the same

would amount to reconstruction, extension or structural change," and "to any alteration of a building or structure to provide for. its use for a purpose or in a manner substantially different from the use to which it was put before alteration," or "for its use for the same purpose to a substantially greater extent." A zoning by-law or ordinance cannot prevent a landowner from doing a much greater business of the same sort without change in the plant. *Building Commissioner of Medford* v. *McGrath*, 312 Mass. 461. *Marblehead* v. *Rosenthal*, 316 Mass. 124, 128. But a small existing nonconforming business cannot be so enlarged as to be different in kind in its effect upon the neighborhood. *Lexington* v. *Bean*, 272 Mass. 547 (use of shop for repairing owner's motor vehicles does not legalize general automobile repair shop). *Marblehead* v. *Rosenthal*, 316 Mass. 124 (small tailor shop does not legalize cleaning factory). *Burlington* v. *Dunn*, 318 Mass. 216 (comparatively small gravel pit does not legalize removal of loam or gravel from large tract). In *Wilbur* v. *Newton*, 302 Mass. 38, 43, it was said that the existence of a nonconforming use does not authorize the erection of new buildings for that use. The statute declares that zoning regulations may apply to alterations amounting to "reconstruction, extension or structural change." On the evidence the change consisted either in a new building, or an extension of an existing building. In neither case was it authorized by the statute that protects nonconforming uses.

The question whether a permit for the change was granted, or was lawfully revoked, is immaterial. Since the change was a violation of a valid zoning by-law, no permit could legalize it. *Cochran* v. *Roemer*, 287 Mass. 500, 510. *Hull* v. *Belmont*, 309 Mass. 274, 281. *Foster* v. *Mayor of Beverly*, 315 Mass. 567. *Lincoln* v. *Giles*, 317 Mass. 185, 187. G. L. (Ter. Ed.) c. 40, § 28, as appearing in St. 1941, c. 176; § 29, as appearing in St. 1933, c. 269, § 1. Furthermore, the building erected did not conform to the permit, but was much smaller than the permit called for, and the permit was improvidently issued without the plans required by the by-law.

The final decree is modified by striking out the words "a certain building erected" and by inserting in the place thereof the words "in connection with the keeping or slaughtering of animals a certain building erected in the spring of 1945," and also by striking out all of said decree after the words "bill of complaint." As so modified the final decree is

*Affirmed with costs.*