EDWARD J. CONNORS & another vs. TOWN OF BURLINGTON.

Middlesex.    February 9, 1950. — March 9, 1950.

Present: QUA, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Zoning. Constitutional Law, Zoning. Burlington.*

The zoning by-law of the town of Burlington was not unreasonable nor unconstitutional in placing a tract of land, not unsuitable for use for residential or farming purposes although already used in part for a piggery and more profitably used for that purpose, in a zoning district wherein residences and farms but not piggeries were allowed.

PETITION, filed in the Land Court on July 14, 1948.

The case was heard by *Courtney*, J.

*G. A. McLaughlin & C. S. McLaughlin*, for the petitioners, submitted a brief.

*K. L. Johnson*, for the respondent.

LUMMUS, J.    This is a petition to the Land Court under G. L. (Ter. Ed.) c. 240, § 14A, inserted by St. 1934, c. 263, § 2, to determine the validity of a zoning by-law of Burlington.  See G. L. (Ter. Ed.) c. 185, § 1 (j ½), inserted by St. 1934, c. 263, § 1; *Pitman* v. *Medford*, 312 Mass. 618; *Fish* v. *Canton*, 322 Mass. 219.  *Barney & Carey Co.* v. *Milton*, 324 Mass. 440.  The judge ruled that the zoning by-law is valid in its application to the land and buildings of the petitioners, who are brothers engaged in the operation of a piggery.  The case comes here on the exceptions of the petitioners.

The following facts were found.  The petitioners own a large tract of land in Burlington, of which about thirty acres are devoted to the commercial keeping and raising of about fifteen hundred pigs.  About one thousand feet away is the house of one Baxter, and two other houses are within half a mile, with numerous other houses in the neighborhood.  Except for the piggery, the land of the

petitioners is little used. The piggery causes nauseating odors, and offensive flies and rats at the Baxter house. The town is small but growing, and is devoted to residences and farming. The land of the petitioners is not unsuitable for farming or for houses, although it may be used more profitably as a piggery. Its use as a piggery produces foul odors which are carried to great distances, and rats and flies as a "natural result."

The piggery has been operated since 1935. In 1943 the town adopted a zoning by-law. Under that by-law the use of land in a Residence A district was limited to dwellings and a few other innocuous uses. The land in question was zoned in a Residence B district, in which trade and commercial purposes were forbidden, and farming was permitted except when injurious, noxious or offensive to the neighborhood. It was provided that "Farming does not include the keeping or raising of more than three . . . swine." Obviously the keeping of a piggery such as was operated by the petitioners was forbidden.

Before the adoption of the zoning by-law, the piggery was in operation and was as large as it is now. By G. L. (Ter. Ed.) c. 40, § 26, as appearing in St. 1933, c. 269, § 1, a zoning by-law does not apply to buildings or structures existing before its adoption, nor to the existing use of any such building or structure, nor to land to the extent to which it was used before the adoption of such by-law. But it does apply to any change of use and to any alteration of a building or structure amounting to reconstruction, extension or structural change.

The judge found that the operation of the piggery as conducted before the adoption of the zoning by-law was valid as a nonconforming use under said § 26, above cited. Plainly the decision below was right in that respect. *Inspector of Buildings of Burlington* v. *Murphy*, 320 Mass. 207.

In 1948 the petitioners obtained a permit to erect a new building measuring fifty feet by twenty feet, to replace a platform of smaller size. That new building was ·nearly completed when the building inspector of the town ordered

the work to stop, because the new building was intended for use in the piggery business. This new building was not protected as a nonconforming use existing prior to the zoning by-law, but was at least a "reconstruction, extension or structural change." *Inspector of Buildings of Burlington* v. *Murphy*, 320 Mass. 207, 210.

The petitioners contend that their land was illegally and unconstitutionally included in a Residence B district. By G. L. (Ter. Ed.) c. 40, § 25, as appearing in St. 1933, c. 269, § 1, the legitimate purposes of zoning are said to be "promoting the health, safety, convenience, morals or welfare" of the inhabitants of the city or town. The presence of a piggery is obviously detrimental to health and welfare. *Lincoln* v. *Murphy*, 314 Mass. 16. The test of the validity of a zoning ordinance or by-law as to particular land is whether its provisions "are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Wilbur* v. *Newton*, 302 Mass. 38, 39. *Pittsfield* v. *Oleksak*, 313 Mass. 553, 555. We do not think that the case falls within *Barney & Carey Co.* v. *Milton*, 324 Mass. 440, where the land was unfitted for the residential use for which it was zoned, and no such obviously obnoxious use as a piggery was involved, or within *122 Main Street Corp.* v. *Brockton*, 323 Mass. 646, where a zoning ordinance requiring buildings of more than one story was held invalid. The requests for rulings require no separate discussion.

*Exceptions overruled.*