CONNOR v. WEST BLOOM-
FIELD TP. et al.
No. 11757.

United States Court of Appeals,
Sixth Circuit.

Oct. 16, 1953.

Thomas R. Connor, pro se, for appellant.

L. M. Sprague, Detroit, Mich. (Fischer, Brown, Sprague, Franklin & Ford, Detroit, Mich., on the brief), for appellees.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

Appellant, Thomas R. Connor, a migratory worker who claims Illinois as the state in which he is legally domiciled, being an itinerant electrician who services pari-mutuel machines at race tracks and follows racing from Michigan to Kentucky to New Orleans and returns to Michigan on racing-season schedule, sought by civil action in the United States District Court to enjoin West Bloomfield Township in Michigan from prohibiting him, pursuant to the township's zoning ordinance, from occupying with an automobile house trailer a certain lot owned by him. As a counterclaim, the township sought to enjoin appellant from use or occupancy of his lot in such manner. Both parties moved for summary judgment; and evidence was introduced in an open-court hearing. The appellant, a layman, represented himself both in the trial court and here.

The district judge dismissed appellant's complaint with prejudice and entered a perpetual injunction restraining the appellant, his agents, servants, and employees, from directly or indirectly occupying with a house trailer the lot owned by him in a residential section of West Bloomfield Township, or any other lot of the subdivision. Whereupon, appellant sought review by appeal to this court and, a few days before the hearing, filed what he termed a "Motion for Relief." The case has been heard orally and has been submitted on the record and briefs.

The judgment of the trial court was clearly correct. The subdivision in which appellant bought his lot in West Bloomfield Township is a quiet, rural residential neighborhood, where expensive homes had been built before appellant bought his lot. On one side of his lot is a modern home, worth $20,000; on the other side is a home worth $12,000. On a lot nearby, a new residence, which cost $18,000, has been erected and, across the road, the value of the residences ranges from $12,000 to $25,000. At the time of his purchase, appellant was aware of the zoning ordinance of the township, which forbade trailers in the subdivision. He applied to the Building Inspector of the township for permission

 

to use the trailer on the lot purchased by him. This request and his formal application for such permit was denied. Whereupon, he appealed to the Zoning Board of Appeals, which also refused his request. There are two trailer parks within the township of West Bloomfield which could have been used by him.

Appellant attacks the zoning ordinance of West Bloomfield, insofar as his use of his trailer is concerned, as unconstitutional. The argument is not valid. The Supreme Court has held that a zoning ordinance bearing reasonable relationship to protection of public health, safety and morals will be upheld as a valid exercise of police power, even though an owner be deprived of the right to use his property in the specific manner in which he intended. Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303.

In Cady v. City of Detroit, 289 Mich. 499, 514, 286 N.W. 805, 810, it was held that a municipal ordinance prohibiting the maintenance of trailer camps, unless 65 per cent of the property owners within 600 feet of the camp consented that a license be granted for its maintenance, is not unreasonable nor a delegation of legislative power by the city to the adjacent property owners. Mr. Justice McAllister, now a member of this court, in his scholarly opinion, said: "Ordinances having for their purpose regulated municipal development, the security of home life, the preservation of a favorable environment in which to rear children, the protection of morals and health, the safeguarding of the economic structure upon which the public good depends, the stabilization of the use and value of property, the attraction of a desirable citizenship and fostering its permanency, are within the proper ambit of the police power. Changes in such regulations must be sought through the ballot or the legislative branch." See also Northwood Properties Co. v. Royal Oak City Inspector, 325 Mich. 419, 39 N.W.2d 25.

The zoning ordinance which appellant attacks was adopted appropriately to legislative enactment of the State of Michigan. The Supreme Court of that State has frequently upheld the regulation by ordinances of the use of automobile trailers as dwelling houses in various localities. Loose v. City of Battle Creek, 309 Mich. 1, 14 N.W.2d 554; Cady v. City of Detroit, supra; Richards v. City of Pontiac, 305 Mich. 666, 9 N.W.2d 885; Adams v. Kalamazoo Ice & Fuel Co., 245 Mich. 261, 222 N.W. 86.

Clearly, under the facts, the action of appellant in placing his trailer on the lot owned by him in West Bloomfield Township, in Michigan, was a violation of the zoning ordinance of that township; and the ordinance is undoubtedly valid.

The judgment of the district court is affirmed; and appellant's so-called "Motion for Relief" is denied.