Town of Manchester *vs.* Marion L. Leahy & another.

Essex.    May 8, 1957. — June 3, 1957.

Present: Wilkins, C.J., Williams, Whittemore, & Cutter, JJ.

*Zoning.    Building.*

The record in a suit in equity did not show to be unjustified conclusions by the trial judge that a large, rough covered wooden bin supported off the ground by posts "merely placed in the ground to support" it, which was erected in woodland, in place of a lean-to formerly maintained there, for the storage of wood shavings from a nearby saw mill constituting a preëxisting nonconforming use permitted by the zoning by-law of the town in which it was located, was an expendable and temporary replacement of the lean-to and was not a "structure" subject to regulations of the zoning by-law applicable to a "building" including a "structure."

BILL IN EQUITY, filed in the Superior Court on April 27, 1956.

The suit was heard by *Morton,* J.

*Bertram W. Allen,* for the plaintiff.

*Leo H. Tracy,* for the defendants.

CUTTER, J. The defendant Leahy owns 36 acres of woodland in Manchester on 5.9 acres of which he maintains and operates a saw mill. The mill is seven tenths of a mile from the nearest highway (only twelve feet wide) and at least two miles from the nearest dwellings. In December, 1955, the defendants erected a rough covered wooden bin or shack sixteen feet long, ten feet wide, and twenty feet high (apparently including its supporting posts) for the storage of wood shavings. The bin was supported at each corner by a post stuck into the ground and was raised high enough to keep the shavings dry, and to permit a vehicle to go under it to receive shavings through an opening in the floor. Prior to building the bin, "the defendants maintained a lean-to in the same small area, used for various purposes, including the storage of shavings," but then to keep the shavings dry it had been necessary to store them in a corner of the mill.

Before putting up the new bin or shack, the defendants did not seek a permit or variance under the Manchester zoning by-law adopted in 1945. The mill is a nonconforming use under this by-law, in what became a single residence district by an amendment approved by the Attorney General in January, 1955.[1] Since the adoption of the by-law the volume of business at the mill has not increased. The

[1] The town's zoning by-law (§ IV A) permits the continued use of any land or building lawful at the time of the adoption of the by-law and provides that "any . . . non-conforming building may be added to . . . or replaced . . . for the purpose . . . for which the original building may lawfully be used if authorized by the Board of Appeals" which "must be satisfied that such addition . . . or replacement . . . will not substantially increase any detrimental . . . effect of the building or use on the neighborhood before giving such authorization." "Building" (§ I, 5) is defined as including "structure." Section VIII C provides that an applicant for any relief by special permit "shall show to the satisfaction of the Board . . . that the . . . relief may be granted, without substantial detriment to the public good and without substantially derogating from the . . . purpose of this by-law."

"storage and sale of shavings is a . . . substantial part of the entire business."

The town brought this bill in equity to obtain a mandatory injunction for the removal of the new bin.[1] The evidence (apart from the text of the town's zoning by-law as amended and photographs of the new bin) is not before us, but the trial judge found the facts stated above. He concluded that the bin or shack "is not a structure as the supporting posts . . . are merely placed in the ground to support the room above," and ordered a decree to be entered dismissing the bill. From this decree the town appeals.

The defendants contend that the new bin is merely an expendable and temporary replacement of another temporary, expendable lean-to formerly maintained on the mill premises, which has been raised on posts to make it more usable. The trial judge in effect accepted this contention.

Since the evidence is not reported, there is no adequate basis for testing the trial judge's conclusion that the new bin or shack "is not a structure," which we interpret as meaning that it does not have that solidity or permanence to bring it within the prohibition or intent of § IV of the by-law forbidding the replacement of nonconforming buildings without a permit. We cannot say on this record that his conclusion was not justified, or that, as a matter of law, the replacement or modification of every insubstantial shed or auxiliary outbuilding, used in connection with a nonconforming use, must be regarded as action with respect to a structure subject to regulation as authorized by G. L. (Ter. Ed.) c. 40A, § 5, inserted by St. 1954, c. 368, § 2, and by § IV of this by-law enacted pursuant to c. 40A and predecessor statutes.

Cases like *Connors* v. *Burlington*, 325 Mass. 494, 495–496, and *Planning Board of Reading* v. *Board of Appeals of Reading*, 333 Mass. 657, 660–661, dealing (a) with the power

---

[1] The defendants pleaded in their answer that the 1955 amendment placing the land in question in a single residence district was "unreasonable, unconstitutional and invalid," apparently relying on cases like *Pittsfield* v. *Oleksak*, 313 Mass. 553, and *Barney & Carey Co.* v. *Milton*, 324 Mass. 440. This issue does not appear to have been passed upon by the trial judge.

of a town or its boards to control alteration and replacement of any construction on zoned land which in fact amounts to a "building or structure" or (b) with a substantial structure like that considered in *Wilbur* v. *Newton*, 302 Mass. 38, 43–44, are not applicable to facts like those in the case at bar, where the trial judge has found in effect that the bin was expendable.

*Decree affirmed.*