53 N.J. Super. 405 (1959)
147 A.2d 563
M. THOMAS FINN AND EVA O. FINN, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF WAYNE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 1, 1958.
Decided January 8, 1959.
*407 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. Milford Salny argued the cause for plaintiff-appellants.
Mr. William F. Johnson argued the cause for defendant-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
Plaintiffs' "Statement of Question Involved" poses the issue before us as being whether the zoning ordinance of Wayne Township, as amended and now in effect, unlawfully prohibits their use of their property for a motor "trailer park." The main aspect of illegality pressed on the appeal is alleged unconstitutional discrimination in restricting plaintiffs' property to residential uses while nearby property of another has recently been rezoned to permit industrial uses. The Law Division held against the contentions of plaintiffs.
Wayne Township occupies an area of approximately 23 square miles in the southerly part of Passaic County. The great bulk of it is vacant land, zoned residential, much of it devoted to farming. There are three main highways, the Paterson-Hamburg Turnpike, running generally east-west in the northerly area; State Highway 46 (formerly 6), following the same course but through the southerly section; and Route 23, running north-south through the westerly part of the municipality. The Erie Railroad parallels Route 23 several hundred feet to the west. The southern and southwesterly boundary of the township is constituted by the Passaic River and its tributary, the Pequannock.
Some of the southerly area of the township, both north and south of Route 6, has been gradually coming into scattered industrial development in recent years. The actual present use status of lands in this part of the municipality is quite diverse, most of it still vacant, the remainder residential, farm land, commercial of diverse kinds, particularly along the highways, and industrial. Plaintiffs focus their *408 factual emphasis upon an arbitrarily delineated one-square-mile area bounded by Fairfield Road, which runs along the streams mentioned above, Route 46 and the Erie Railroad. It has most of the varied uses just mentioned. Under the basic 1949 zoning ordinance of the township, substantially all of it, as well as its extending counterpart south of Route 6, was zoned residential.
Plaintiffs acquired the land which is the direct subject of this litigation in 1952 and began shortly thereafter to develop it for use as a site for parking motor residence trailers  more euphemistically known as a "trailer park." Such a use is not permitted in residential zones under the ordinance but is allowed in industrial zones. Plaintiff M. Thomas Finn was convicted of a violation of the ordinance for such use on March 16, 1955 in the local municipal court. An appeal thereof to the Passaic County Court is pending, undetermined, apparently awaiting the determination of this and other related litigation to be mentioned hereinafter.
Plaintiffs' land consists of an 18-acre parcel off Fairfield Road, about 1,300 feet north of Route 46. Its dimensions are roughly 1,200 by 500 feet. Access is over a 50-60 foot right of way from Fairfield Road bordering the property on the south. The front or west end of the tract is abutted by a 150-foot strip of land on Fairfield Road improved with a number of homes. Except where cleared for the trailer park plaintiffs' land is wooded.
The predominant use of Fairfield Road frontage, beginning with the 150-foot strip in front of plaintiffs' property already mentioned, and running southerly to Route 46, is one-family residential. This may also be said of so much of the backland as is improved, particularly in the Market Street-Main Avenue section.
The gist of plaintiffs' grievance is that their land is surrounded on three sides by that of Chemways Corporation, recently acquired, and all asserted to be zoned industrial under recent amendments of the ordinance. The contention is that plaintiffs are discriminated against by virtue of the township's refusal to include their property in *409 the rezoning to industrial, thereby leaving their property, so it is claimed, as an isolated residential-zoned pocket in an industrial-zoned environment. This projection of facts is regrettably misstated in an important respect. While Chemways owns land south, as well as north and east of plaintiffs' tract, the area south is still zoned residential, as is all the Fairfield Road frontage to Route 46. A review of the recent municipal legislative zoning history of this general area will be helpful.
The first substantial change since 1949 was a 1952 amendment encompassing a transfer from residential to industrial of roughly the eastern one-half of the square mile segment mentioned above, mainly along Route 23 and the Erie Railroad. This included a small piece of the back, or easterly end of plaintiffs' tract. In February 1956 came the amendment which is the crux of plaintiffs' case. Chemways Corporation had just acquired a large, deep tract immediately adjacent to plaintiffs' property on the north for industrial purposes, and the township amended the ordinance at Chemways' request to transfer this parcel to the industrial zone. Chemways then proceeded to build an industrial plant on a part of it. That company later also acquired the parcel abutting plaintiffs' property on the south but has not built on it, and it is still zoned residential, as noted above. Considerable acreage abutting the Chemways piece on the north along Fairfield Road (actually in substantial residential use) was left in the residential zone, as well as everything south of Chemways along that thoroughfare, as already noted. A glance at the zoning map, as brought up to date by the recent amendments, thus shows that, far from the zoning picture plaintiffs paint of their property as an isolated residential-zoned district in a surrounding expanse of industrial-zoned district, their residential zoning is the same as that of approximately two thirds of the area between Fairfield Road and the westerly line of the territory transferred out of the above-mentioned mile square district from the residential to the industrial zone by the 1952 amendment (i.e., all except the rezoned Chemways piece).
*410 Shortly after the rezoning of the Chemways tract plaintiffs applied to the township for similar treatment of their property. In April 1956 this request was referred to the planning board, which recommended it. The governing body never acted upon the recommendation. An action brought by plaintiffs in the Superior Court to compel action on the recommendation was unsuccessful both in the trial court and on appeal. Finn v. Wayne Township, 45 N.J. Super. 375 (App. Div. 1957). To complete the litigation picture in this matter, it may be noted that after the decision below, wherein the trial court intimated that plaintiffs' proper initial recourse was to apply for a variance, plaintiffs applied to the board of adjustment for a variance to permit the use of their land as a trailer station. This was denied, and an action which was then instituted in the Superior Court to review that determination is now pending, as yet unheard.
The gravamen of plaintiffs' case is that they have not been accorded "equality of treatment" with owners of nearby industrially zoned property, particularly Chemways Corporation. A subsidiary contention is that plaintiffs' property is "practically useless" for the purpose for which now zoned. It is to be noted that plaintiffs do not attack the basic zoning ordinance of 1949. Nor do they impugn the legality of any of its amendments, as such. Their contention is that in its amended status the ordinance in total effect now bears discriminatorily upon their property, and it is obvious that this position is taken primarily upon the basis of the amendment change accorded the neighboring Chemways tract.
If plaintiffs were seeking only to nullify the 1956 amendment they could find some comfort in the testimony given by Mayor Roe at the trial. He said that the amendment was adopted for the purpose of increasing the industrial and commercial ratables of the township and that it seemed good policy to agree to an application to rezone additional property for that purpose where it was situated "along an existing industrial zone." He also testified that in rezoning the Chemways parcel no thought was given by the township as to whether the rezoning should include the *411 Finn property. To the extent that the mayor's testimony may be probative of the approach of the governing body in the matter (see Clary v. Borough of Eatontown, 41 N.J. Super. 47, 70-72 (App. Div. 1956)), it does not appear to evince a municipal attitude toward zoning legislation consonant with the statutory scheme and objectives. Zoning regulations must be made with the purpose or effect of establishing or subserving a comprehensive zoning scheme in accordance with the statutory objective of territorial division according to the character of lands and structures and their suitability for particular uses, with uniformity of use within the division. Schmidt v. Board of Adjustment of City of Newark, 9 N.J. 405, 417 (1952); Borough of Creskill v. Borough of Dumont, 15 N.J. 238, 249 (1954); Conlon v. Board of Public Works of City of Paterson, 11 N.J. 363, 366 (1953). To amend a zoning ordinance with an eye solely to the situation of a single particular parcel of property for which a zoning change application is under consideration is the negation of sound, comprehensive zoning. In fairness to the defendant, however, the mayor also implied that in considering whether the change of zone accorded Chemways should be extended he would have to "look at the effect upon * * * the residential areas * * * south of that property and north of that property."
In any case, this action is not the appropriate vehicle for a determination as to whether there should be a judicial nullification of the 1956 amendment. Plaintiffs do not ask it; and, of greater importance, Chemways Corporation, which has built a substantial pharmaceutical plant in reliance upon it, is not a party to this action and has not been heard upon that issue. In terms of judicial action the question we have to decide is whether the court should declare that plaintiffs have a right to use their land as a trailer park, free of the inhibitions of the ordinance. The theoretical basis for such a result would be the right to be free of the restrictions of an ordinance which operates capriciously and discriminatorily, and, therefore, illegally, on the complainant's property.
*412 There are, however, serious objections to a result which would leave plaintiffs' property subject to no zoning restrictions whatsoever. Conlon v. Board of Public Works of City of Paterson, supra (11 N.J. at page 370); cf. Kozesnik v. Montgomery Township, 24 N.J. 154, 183 (1957). Such a situation might be averted if plaintiffs' quest for relief were first pursued through an application to the board of adjustment for a variance, as the conditions of use would then be controlled by the determination of the board. Indeed, the trial court and the defendant take the position that this was a necessary first step before the plaintiff could bring such an action as this, and Conlon v. Board of Public Works of City of Paterson, supra, seems to support that position. But see the Kozesnik case, supra, at the page indicated; cf. Esso Standard Oil Co. v. Town of Westfield, 33 N.J. Super. 324, 329 (App. Div. 1954). Note also the technique of delaying entry of judgment in behalf of a prevailing property owner so as to allow the municipality to draw a new amendatory ordinance free of the statutory or constitutional vice. Kozesnik v. Montgomery Township, supra (24 N.J. at page 184); cf. Newark Milk and Cream Co. of Newark v. Parsippany-Troy Hills Tp., 47 N.J. Super. 306, 331 (Law Div. 1957). See also Finn v. Wayne Township, supra (45 N.J. Super. at pages 379, 380).
In the present case, however, as already seen, a review of the denial of the application for a variance is already pending in the Law Division. It would appear expeditious that we should not postpone a final determination in the present appeal as to the validity of the ordinance in its application to plaintiffs' property (excluding any implication of a view on our part as to the correctness of the denial of the variance). We thus proceed to a consideration of that issue.
The ordinance is presumptively valid and not to be set aside judicially except upon "a clear showing that it is arbitrary or unreasonable." Kozesnik v. Montgomery Township, supra (24 N.J. at page 167); Fanale v. Borough of Hasbrouck Heights, 26 N.J. 320 (1958); Clary v. Borough of Eatontown, supra. The mere fact that plaintiffs' property *413 borders on the south and the west property now zoned industrial does not of itself spell out a case of discrimination or illegal zoning, nor even the fact that the land is substantially the same in character as the Chemways parcel. Kozesnik v. Montgomery Township, supra (24 N.J. at page 172). It must be remembered that the Chemways property was being devoted to residential purposes before it was converted to industrial uses. The fact of overriding legal significance, however, is, as has been shown in detail above, that notwithstanding the recent zoning amendments plaintiffs' property is an integral portion of a substantial, compact land area fronting along Fairfield Road and the Passaic River, still zoned residential, and, except where vacant, predominantly devoted to residential uses. This area runs along Fairfield Road about 2,500 feet, has a rear line length of 2,000 feet, and is as large as or larger than a number of other residentially zoned self-contained areas indicated on the zoning map of the township.
The legislative function of fixing the precise boundary lines of this residentially zoned land segment of the municipality belongs to the governing body of the township, not the court, absent a clear showing of caprice or arbitrariness. Future developments may or may not compel the transfer of part or all of this whole residential district, including plaintiffs' property, into industrial zoning. But we cannot say that it is totally unreasonable for the governing body to elect to retain the zoning use district classification as it stands for the time being, under existing conditions of land use. The matter is at least reasonably debatable, and therefore peculiarly for the discretion of those elected to be responsible for local government.
The plaintiff M. Thomas Finn testified that it "would cost too much to develop the tract" for residential purposes, citing conditions of terrain. A real estate expert adduced by plaintiffs gave the opinion that the most suitable use of the property was for industrial purposes because of the lack of road frontage. The testimony of these witnesses was very general in nature and far from convincing that the *414 property could not be utilized for residential purposes at all. That the use as a trailer park is more economically productive than for residences is of course not determinative. At most, these proofs offer a colorable basis for seeking a variance, not for establishing the general zoning scheme as arbitrary or confiscatory.
Plaintiffs argue under separate points of their brief that the zoning ordinance of the township is not in accordance with a comprehensive plan, as required by the statute, nor geared to the zoning standards set forth therein. R.S. 40:55-32. In the light of the factual background discussed above, neither of these contentions has merit in relation to the zoning treatment of their property.
Judgment affirmed.