### INHABITANTS OF the TOWN OF WINDHAM

v.

### Frank W. SPRAGUE.

Supreme Judicial Court of Maine.

May 9, 1966.

Henry Steinfeld, Portland, for plaintiff.

Walter E. Foss, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, SULLIVAN, MARDEN and RUDMAN, JJ.

RUDMAN, Justice.

On appeal. The Town of Windham by this complaint seeks removal of a "trailer" from land occupied by the defendant on the ground that it was placed there in violation of the ordinance regulating house trailers and house trailer parks in the Town of Windham.

The facts as stipulated by the parties are as follows:

"That the Town of Windham on March 17, 1962, duly adopted and enacted an ordinance entitled 'An Ordinance Regulating House Trailers and House Trailer Parks in the Town of Windham, Maine.'

"That on the same day and date the Town of Windham enacted an ordinance entitled 'The Building Code for the Town of Windham, Maine.'

"Both Ordinances were enacted at a duly called town meeting and were voted upon by a show of hands of those present.

"That sometime later the defendant, who occupied a trailer located on land on Route 302 in the Town of Windham —said occupancy of said trailer was prior to the enactment of the aforesaid two Ordinances—sought permission from the Building Inspector for a building permit to move a new house trailer on a lot of land on Route 302, said lot of land being the same lot on which the pre-existing trailer was located. Date of said application for building permit was June 1, 1964.

"That the Building Inspector of the Town of Windham denied the application for the building permit; that upon the denial by the Building Inspector, the defendant appealed to the Appeals Board, who heard the said appeal on June 11, 1964, permission to move in the new trailer was further denied by the Appeals Board and the defendant was so notified by letter.

"That on June 27, 1964, the defendant moved in a new trailer and removed the old trailer. On the date of June 27, 1964, the new trailer was hooked up to the same power and water lines and septic tank lines as the old trailer and placed on the same foundation.

"That on July 24, 1964, the Selectmen of the Town of Windham sent to the defendant a notice to remove the new trailer within 7 days from the date of their notice; that the defendant has not removed the said trailer.

"Any reference to the word 'trailer' shall mean a trailer suitable for dwelling purposes."

The Police Power Enabling Act is set forth in 30 M.R.S.A. § 2151 (Formerly R.S.1954, Ch. 90–A, § 3). The pertinent sections read as follows:

"1. General.

"A. Promoting the general welfare; preventing disease and promoting health; providing for the public safety.

\* \* \* \* \* \*

"4. Buildings, structures, trailers and equipment.

"E. The purpose of this subsection is to promote the health, safety and general welfare of the public and of the occupants and users of buildings and other structures.

"(1) Any building, structure, trailer parking facility or equipment existing in violation of an ordinance authorized by this subsection is a nuisance."

The ordinance provisions pertinent to this case are:

"(a) After passage of this ordinance, house trailers will be restricted to approved trailer parks.

"(b) House trailers now on location will be allowed to remain, but if moved, they

cannot be reestablished except in approved trailer parks."

The issues as stipulated by the parties are:

"(1) Whether or not the placing of this new trailer and occupying this new trailer after being turned down by the Building Inspector on a request for a building permit and by further appeal to the Appeals Board constitutes a violation of the duly enacted trailer ordinance and building code.

"(2) Whether or not a show of hands is sufficient to enact a town ordinance."

■ The Enabling Act does not contain any provision as to the manner of voting, and a vote by written ballot is not required. 30 M.R.S.A. § 2054 (Formerly R.S.1954, Ch. 90–A § 34 provides:

"C. When a vote declared by the moderator is immediately questioned by at least 7 voters, he shall make it certain by polling the voters or by a method directed by the legislative body."

Also see 30 M.R.S.A. § 2061 (Formerly R.S.1954, Ch. 90–A § 37) Secret Ballot.

The vote, by a show of hands, not being immediately questioned, had passage, and is valid.

■ It is to be noted that the stipulation does not attack the Enabling Act nor the Ordinance enacted thereunder, and presumptively is constitutional. York Harbor Village Corporation v. Libby, 126 Me. 537, 542, 140 A. 382; Wright v. Michaud et al., 160 Me. 164, 177, 200 A.2d 543.

■ In Sitgreaves v. Board of Adjustment, 136 N.J.L. 21, 54 A.2d 451, 455 the court held: That the voluntary demolition of a tool shed used by the owner as a garage for the purpose of erecting a larger two-car garage constituted an abandonment of a nonconforming use, depriving the owner of a continuation of such use. See Barbarisi v. Board of Adjustment, 30 N.J.Super. 11,

103 A.2d 164; Hay v. Board of Adjustment of Fort Lee, 37 N.J.Super. 461, 117 A.2d 650; Fidelity Trust Co. v. Downing, 224 Ind. 457, 68 N.E.2d 789; Colati v. Jirout, 186 Md. 652, 47 A.2d 613; in which the court said:

"Even when a non-conforming building has been destroyed by act of God, the owner should not be allowed to rebuild as a matter of right without authority from statute or ordinance."

The ordinance provides for the continuation of the nonconforming use. It prohibits the installation of a new trailer in the place of the old. Such a provision is ordinarily included in zoning and police power ordinances because of hardship and doubtful constitutionality of compelling immediate cessation of nonconforming uses. In the case of Inspector of Buildings of Burlington v. Murphy, 320 Mass. 207, 209, 68 N.E. 2d 918, the court said:

"But zoning regulations may apply to any 'change of use,' and 'to any alteration of a building or structure when the same would amount to reconstruction, extension or structural change,' * * *"

See Connors v. Town of Burlington, 325 Mass. 494, 495, 91 N.E.2d 212.

In Selligman v. Von Allmen Bros., 297 Ky. 121, 179 S.W.2d 207, 209, the court upheld the Board of Adjustment and Appeals in denying the right to replace wooden exterior walls with brick and said:

"The whole purpose of this zoning ordinance would be defeated if the owner is permitted to substitute permanent brick walls for a rotted exterior wooden walls as this would extend or prolong indefinitely the life of the non-conforming building. Cole v. City of Battle Creek, 298 Mich. 98, 298 N.W. 466. This does not mean that the owner is forbidden to make reasonable and ordinary repairs to prevent his building from becoming unsightly, run-down or dilapidated.

\* \* \* \* \* \*

"The theory of zoning is to foster improvement by confining certain classes of building and uses to certain localities without imposing undue hardship upon the property owners. The present use of a non-conforming building may be continued but it cannot be increased nor can it be extended indefinitely if zoning is to accomplish anything. It is customary for zoning ordinances to provide that the life of non-conforming buildings cannot be increased by structural alterations and when a change is made by the owner in the building, he must make it conform to the ordinance."

In Bobandal Realties, Inc. v. Worthington, 21 A.D.2d 784, 250 N.Y.S.2d 575, 578, the court said:

"The owner of a permitted non-conforming building has no vested right to reconstruct it in non-conforming form after it has been partly destroyed by fire, and the municipality may impose reasonable restrictions on such rebuilding \* \* \*". And cases cited.

What defendant did here was to remove the old trailer (which under the ordinance he had a right to maintain as a nonconforming use), and replace it with an entirely new trailer. This was prohibited by the ordinance and the Town officials so considered it by refusing to issue the permit requested by the defendant.

The ordinance in the instant case states clearly and without ambiguity that "house trailers on location will be allowed to remain, but if moved, they cannot be reestablished except in approved trailer parks".

We have in this case a valid ordinance and a nonconforming use, neither of which are questioned. Upon what logic may that permission be transformed with a right to obtain more than the ordinance provides. Here a new trailer was substituted for an old one. If it is proper to do this once it will be proper to do it again, thus the life

of the nonconforming use will be indefinitely prolonged, which would be at complete variance with the spirit of this ordinance, i. e., the gradual elimination of the nonconforming use.

No one in the town may establish a new trailer, except in approved trailer parks. It would be an unwarranted discrimination in favor of defendant to permit him to establish a new trailer in place of the old one.

In Norcross v. Board of Appeal, 255 Mass. 177, 185, 150 N.E. 887, 890, the court said:

"The chief purpose of a zoning statute has relation to the public welfare. The protection of health and safety are important factors. The preservation of the property of others in the neighborhood growing out of established restrictions is a matter of importance."

See Wilbur v. City of Newton, 302 Mass. 38, 43, 18 N.E.2d 365; Smith v. Juillerat, 161 Ohio St. 424, 119 N.E. 2d 611; Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303; Koch v. City of Toledo, 37 F.2d 336, (6th Cir); Paye v. City of Grosse Point, 279 Mich. 254, 271 N.W. 826.

In Napierkowski v. Gloucester Tp., 29 N.J. 481, 150 A.2d 481, 489, the court said:

"We have thus far concluded that if it be assumed that the use of trailers as residences is within the zoning statute, the ordinance bars them from residential districts and is a valid exercise of the zoning power. We are equally satisfied that the municipality may bar such uses under its general police power. R.S. 40:48-2, N.J.S.A.

"The *circumstances* already described and found sufficient for the zoning decision upon the hypothesis that the zoning power is involved *are equally adequate for the same result if the subject be deemed to fall within the general police power.*

\* \* \* \* \* \*

"In our view prohibition of trailers as residences at other than duly licensed

trailer parks or camps *is a reasonable exercise* of the police power, designed to promote the general health, safety and welfare of the municipality by assuring that adequate provisions are made for drainage, sewerage facilities, water and lighting of trailers and operates to centralize and facilitate enforcement of the aforesaid requirements.

"An examination of the authorities without this jurisdiction reveals that local ordinance provisions restricting trailers to licensed parks are commonplace, and have been upheld by the courts as reasonably adapted to promote the health, safety and general welfare of the community. (See cases cited).

"Provisions for the utilization of trailers in licensed trailer parks as distinguished from the private lot of the trailer owner does not amount to total prohibition, but rather falls within the confines of reasonable regulation. We are cognizant of the fact that there presently are no trailer parks or camps within the township. The township is, however, not obligated to furnish trailer park facilities and so long as such parks are not totally prohibited we need not consider the question of whether the character of the township is such that even exclusion of trailer parks is permissible. See Finn v. Wayne Tp., 53 N.J.Super. 405, 147 A.2d 563 (App.Div.1959); Connor v. West Bloomfield Tp., 207 F.2d 482 (6 Cir., 1953)." (Emphasis added)

See Wright v. Michaud et al., supra.

In 101 C.J.S. Zoning § 182, we find the following:

"The spirit of the zoning ordinances and regulations is to restrict rather than to increase any nonconforming uses, and to secure their gradual elimination. Accordingly, provisions of a zoning regulation for the continuation of such uses should be strictly construed, and provisions limiting nonconforming uses should be liberally construed. The right to continue a nonconforming use is not a perpetual easement to make a use of one's property detrimental to his neighbors and forbidden to them, and nonconforming uses will not be permitted to multiply when they are harmful or improper." And cases cited.

It is to be noted that the defendant does not attack the Ordinance nor the Police Power Enabling Act.

We have been unable to find similar cases involving the moving out of a trailer and its immediate replacement by another house trailer; however, a close analogy may be found in the case of Goodrich v. Selligman, 298 Ky. 863, 183 S.W.2d 625 where the owner of some billboards, which were a nonconforming use, tore them down and replaced them with new ones. The ordinance in that case specifically provided that if structural changes were made or if a nonconforming building was removed the use would be lost.

"Here a new structure was substituted for an old one. If it is proper to do this once it will be proper to do it again and thus the life of the non-conforming structure will be indefinitely prolonged, and the whole purpose of the zoning ordinance will be defeated." Goodrich v. Selligman, supra, at 627–628.

Similarly in Town of Southport v. Ross, App.Div., 132 N.Y.S.2d 390, the court held, that an ordinance providing that no house trailer should be permitted to remain upon any premises other than in a trailer park for a specified time was a valid exercise of the police power. City of Rochester v. West, 164 N.Y. 510, 58 N.E. 673, 674, 53 L.R.A. 548; Spitler v. Town of Munster, 214 Ind. 75, 14 N.E.2d 579, 115 A.L.R. 1395; Town of Hartland v. Jensen's Inc., 146 Conn. 697, 155 A.2d 754.

Nonconforming uses are a thorn in the side of proper zoning and should not be perpetuated any longer than necessary. The policy of zoning is to abolish noncon-

forming uses as speedily as justice will permit. State v. Perry, 149 Conn. 232, 178 A.2d 279.

"[R]egulations as to such use under the police power of the city are available to it, when not discriminatory in their operation, and not arbitrary; for they are proper means to accomplish the purposes of such police power." Davis v. City of Mobile, 245 Ala. 80, 16 So.2d 1 (Ala).

█ Prior decisions in this State have recognized that effective zoning ordinances must be enforced with a view to future needs and that provisions which permit nonconforming uses are generally strictly construed. York Harbor Village Corporation v. Libby et al., 126 Me. 537, 140 A. 382; Donahue v. City of Portland, 137 Me. 83, 15 A.2d 287; Toulouse et al. v. Board of Zoning Adjustment, 147 Me. 387, 87 A.2d 670; Wright v. Michaud et al., supra.

The Laws of Zoning and Planning, Rathkopf, Vol. 1, page 17–1, has this to say:

"Trailers * * * possess features which render them sufficiently distinguishable from ordinary residences * * to make them subject to regulation both under ordinances passed pursuant to the police power and under zoning ordinances.

"Under this concept ordinances relating to individual house trailers, which prohibited them from being located outside of trailer camps, i. e., upon individual parcels of property through the municipality or limiting the length of time during which a house trailer is permitted to remain on land outside of a licensed trailer camp have been upheld." See cases cited.

The constitutionality of the Police Power Enabling Act and the Ordinance enacted thereunder Regulating House Trailers and House Trailer Parks is not raised by the defendant. Counsel for the defendant stated in his brief and in his oral argument that the issue here is the construction of the words "move" and "reestablished" as contained in the Ordinance. The court therefore in this case does not consider any other question that perhaps might be raised.

█ In our view the provisions of the Ordinance prohibiting the establishment of a nonconforming new trailer, following the removal of the old nonconforming trailer is a reasonable exercise of the police power delegated to the municipal officers by the Legislature. 30 M.R.S.A. § 2151, supra. We hold the defendant is in violation of the legally enacted Ordinance regulating house trailers in the Town of Windham.

The entry will be:

Appeal denied.

Remanded to the Superior Court for the issuance of a permanent injunction.

TAPLEY, J., did not sit.

SULLIVAN, J., sat at argument but retired before the decision was adopted.