Christopher and Reginald
CHASE, et al.

v.

TOWN OF WELLS, et al.

Supreme Judicial Court of Maine.

Argued May 7, 1990.
Decided May 22, 1990.

---

Paul L. Beach (orally), Daughan, Kimmel, Geyer & Beach, Wells, for plaintiffs.

Durward W. Parkinson (orally), Bernstein, Shur, Sawyer & Nelson, Kennebunk, William P. Shumaker (orally), Verrill & Dana, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiffs Christopher Chase, Reginald Chase and Emilie Chick appeal from the judgment of the Superior Court (York County, *Alexander, J.*) affirming the revocation by the Wells Zoning Board of Appeals (Board) of a permit to locate a mobile home on a site formerly occupied by a cabin. On appeal, plaintiffs argue that the Board's construction of the Wells Zoning Ordinance (Ordinance) was erroneous.

Prior to 1988, Emilie Chick owned a lot located in the town of Wells containing one cabin and one mobile home. Under the Ordinance the use of the lot for two dwelling units was not permitted; however, because both units were on the lot prior to the adoption of the Ordinance, the use of the lot for two dwelling units was a legal nonconforming use. Sometime during the period 1986–88, the cabin was removed.[1]

In November, 1988, the Code Enforcement Officer (CEO) issued a permit to Christopher Chase to place a mobile home on the site of the former cabin. Defendant Bragdon Development Corporation (Bragdon), a firm having an ownership interest in a subdivision development across the street from the Chick property, appealed to the Board the CEO's issuance of the permit. After hearing, the Board sustained Bragdon's appeal and ordered the CEO to revoke the permit. Plaintiffs appealed the

Board's action to the Superior Court pursuant to M.R.Civ.P. 80B. The court affirmed the Board's decision. Plaintiffs now appeal the decision of the Superior Court.

At issue is the Board's interpretation of two provisions of the Ordinance. Section 138–9(C)(1)(b) reads as follows:

> Wherever a nonconforming use is superseded by a permitted use of a structure, or structure and land in combination, such structure or combination of land and structure shall thereafter conform to the provisions of this chapter and the nonconforming use may not thereafter be resumed.

Section 138–9(C)(1)(d), which also governs nonconforming uses, provides that

> [a] nonconforming use which is discontinued for a period of two (2) years or more may not be resumed. The uses of the land, building and of (sic) structure shall then conform to the provisions of this chapter.

The Board concluded that "the voluntary removal of the cabin, leaving one dwelling (a mobile home occupied by Emilie Chick), returned the use to a permitted use, in that one dwelling may be placed on a non-conforming lot. The use of the lot for two dwellings may not be resumed."

Plaintiffs argue that the Board's reliance on subsection b was misplaced. They contend that subsection d modifies subsection b by creating a two-year grace period during which a nonconforming use, once discontinued, may be resumed. Thus, in plaintiffs' view, subsection b becomes effective only *after* subsection d's two-year period has run.

Plaintiffs' argument is without merit. There is no support in logic or law for suspending the operation of subsection b until subsection d's two-year grace period has run. On the contrary, subsection d restricts *further* the lawful continuation of nonconforming uses by providing that regardless of the circumstances, a noncon-

---

1. The parties disagree whether the Board made a specific finding respecting the date of the removal of the cabin. The Board's second factual finding reads as follows: "Sometime in the year following the April 1986 tax assessment, (Spring of 1987, according to testimony of Everett Moore who moved it) a cabin...." Because of our disposition of the case, we need not address this issue.

forming use that has been discontinued for two years or more may not be resumed. Moreover, in *Gagne v. City of Lewiston*, 281 A.2d 579 (Me.1971), we explained that " 'provisions of a zoning regulation for the continuation of [nonconforming] uses should be strictly construed, and provisions limiting nonconforming uses should be liberally construed. The right to continue a nonconforming use is not a perpetual easement to make a use of one's property detrimental to his neighbors....' " *Id.* at 581, quoting *Town of Windham v. Sprague*, 219 A.2d 548, 552 (Me.1966).

The entry is:

Judgment affirmed.

All concurring.