68 N.J. Super. 263 (1961)
172 A.2d 218
HAROLD E. VICKERS, PLAINTIFF-APPELLANT,
v.
TOWNSHIP COMMITTEE OF GLOUCESTER TOWNSHIP ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1961.
Decided June 23, 1961.
*264 Before Judges GOLDMANN, FOLEY and LEWIS.
Mr. Sidney D. Weiss argued the cause for appellant (Mr. Milford Salny, attorney).
Mr. Vincent L. Gallaher argued the cause for respondents.
The opinion of the court was delivered by FOLEY, J.A.D.
Plaintiff appeals from a judgment entered in favor of defendants in two suits in lieu of prerogative writs, consolidated for trial, challenging the validity of two ordinances of the Township of Gloucester prohibiting the establishment and conduct of a trailer park business on plaintiff's property.
Plaintiff contends: (1) an amendment to a zoning ordinance prohibiting trailer parks in the industrial zone, the only zone where they had theretofore been permitted, was illegal and void because the planning board did not have the opportunity to give proper consideration to the matter as required by N.J.S.A. 40:55-35, and (2) complete prohibition of trailer parks in every part of the municipality, as effected by the amendatory zoning ordinance and the repeal of a trailer regulatory ordinance, constituted an arbitrary *265 and unreasonable exercise of the zoning power and the police power.
The determinative facts are not in dispute. On July 1, 1957 Gloucester Township adopted a zoning ordinance which established Residence Districts "A," "B," "C," and "D," Business District, Agriculture District, and Industry District. Trailer parks not being specifically included in the permissible uses of property zoned for residence, business or agriculture, and, not being expressly excluded from the uses permitted in the industrial zone, became a lawful use in such zone.
On September 3, 1957 the township enacted an ordinance regulating the operation of trailer camps and allied activities in the municipality.
In November 1957 plaintiff purchased a parcel of land, approximately 10 acres in area, situate in an industrial zone. In April 1959 the Supreme Court upheld both the zoning ordinance and the trailer ordinance in the case of Napierkowski v. Township of Gloucester, 29 N.J. 481 (1959). Inter alia the case held that the township had the right to prohibit by its ordinances, as they then existed, the maintenance of trailers at any place other than in the industrial areas defined by the zoning ordinance.
On August 26, 1959 plaintiff made application to the township for permission to operate a trailer park on the lands he had purchased. On December 8, 1959 he was formally notified by letter that his application was denied because it "would be in violation of the Sub-Division and Zoning Ordinance of the township and also the individual trailers would not comply with the provisions of the building code." Meanwhile, on September 19, 1959, plaintiff had acquired title to a second parcel of land, also in the industrial zone and located directly across the road from that which he already owned.
On December 30, 1959 plaintiff filed a complaint in lieu of prerogative writs directed against the denial by the Township Committee of his application to operate a trailer park. *266 The case came on for hearing on March 17, 1960, at which time the court heard the testimony of the plaintiff and some expert testimony as well. Much of the testimony at that session pertained to the question of whether plaintiff's application and plans complied with the standards promulgated by the State of New Jersey, Department of Health. On motion plaintiff was granted leave to amend his application and the plans which accompanied it. Trial was resumed in June 1960 and at this session it was stipulated by counsel that the amended application and plans, as submitted, complied with the aforesaid standards.
However, on April 22, 1960 the township amended its zoning ordinance so as to prohibit trailer parks in the industrial zone. Simultaneously, the township adopted another ordinance repealing the trailer ordinance. The effect of these enactments was to prohibit the operation of trailer parks or the maintenance of trailers in any part of the township.
On May 5, 1960 plaintiff instituted a second action in lieu of prerogative writs demanding that the ordinances of April 22, 1960 be declared invalid, and inapplicable to the use of his property as a trailer park.
At the first trial plaintiff introduced evidence relating to the nature and character of the community, particularly the industrial zone. This evidence included photographs of homes and other structures in the immediate vicinity of the subject premises. These structures included an old bus used as living quarters; a one-story shack used for repairs of television sets; a combination trailer and dwelling; a farmhouse and barn; several old dilapidated shacks; a one-story structure utilized as a church; and some dwellings ranging from bungalow-shanties to modest homes. There was also testimony that there were no housing developments between the subject property and the "Freeway" on the north, a distance of approximately two miles; that there were no housing developments of any kind between the subject property and the boundary of the township on the east; that there were no industrial operations of any kind near the *267 subject property; and that the great majority of the houses south of the subject property were old, dilapidated, and occupied by persons in very low income brackets. It was also testified that the location of a trailer park on plaintiff's property would have no adverse effect on the economic conditions or values of the neighborhood, and that it would be an appropriate use of the land in question.
The second of plaintiff's actions came on for trial on June 20, 1960 before the same judge who had heard the first case, at which time the actions were consolidated. Evidence was taken on two subjects: (1) the alleged non-compliance by the Township Committee and the Planning Board with the provisions of N.J.S.A. 40:55-35, and (2) the reasons which motivated the Township Committee in adopting the ordinance of April 22, 1960 amending the zoning ordinance, and on the same date enacting the repealer of the trailer ordinance. Since, as will shortly appear, we consider the second point to be dispositive of the case, the facts concerning the alleged procedural irregularity need not be recited.
Robert Yost, Mayor of the township, testified that in adopting the amendment the Committee "took many things into consideration; future over-all planning of our Township; the acquisition of 500 acres of development ground bought by developers, adjacent to Mr. Vicker's property, also taking in connection with the Freeway, the other sections of our Township are fairly well built up and the development is working further south." He said also, that it was felt that a trailer park would not enhance the property value of any development, that trailers, "as a general run," are unsightly and that the Committee could not see "with the present growth, also with the view in mind of future growth of planning where trailers would add to it." He also testified that the population of the township had grown from 7,950 in 1950 to approximately 17,500.
John J. Sparks, 3rd, building inspector of the township, said that the municipality had in effect a general program *268 to repair or demolish structures reported to be in a dilapidated or run down condition.
William J. Davenport, Tax Assessor for the township, testified that the township was an expanding community and that the number of housing units had increased from 2,694 in 1955 to 4,113 as of September 1959.
The oral determination of the trial court was cast in somewhat general terms and seems to have been guided mainly by the court's interpretation of Napierkowski v. Gloucester Twp., supra. In effect the trial court rejected the arguments upon which the present appeal is grounded. While Napierkowski is helpful, the holding does not control the present dispute since there the court was concerned only with the legality of the prohibition against the maintenance of a trailer as a residence in a residence district, as distinguished from the total prohibition of trailer residences in the township. As a matter of fact the question now presented was expressly left open by Napierkowski, when the court said:
"Provisions for the utilization of trailers in licensed trailer parks as distinguished from the private lot of the trailer owner does not amount to total prohibition, but rather falls within the confines of reasonable regulation. We are cognizant of the fact that there presently are no trailer parks or camps within the township. The township is, however, not obligated to furnish trailer park facilities and so long as such parks are not totally prohibited we need not consider the question of whether the character of the township is such that even exclusion of trailer parks is permissible. See Finn v. Wayne Tp., 53 N.J. Super. 405 (App. Div. 1959); Connor v. West Bloomfield Tp., 207 F.2d 482 (6 Cir. 1953)." 29 N.J., at page 497. (Emphasis added)
It is settled beyond dispute that in proper circumstances total prohibition of a given use, or class of uses, is within the authority conferred by the zoning power even though such use or class be not inherently objectionable. See Duffcon Concrete Products v. Borough of Cresskill, 1 N.J. 509 (1949) (exclusion of heavy industry from a primarily residential town); Pierro v. Baxendale, 20 N.J. *269 17 (1955) (exclusion of motels); Fanale v. Hasbrouck Heights, 26 N.J. 320 (1958) (exclusion of additional apartment houses from a small highly developed community). In Fanale the court stated: "* * * whether a use may be wholly prohibited depends upon its compatibility with the circumstances of the particular municipality, judged in the light of the standards for zoning set forth in R.S. 40:55-32." That section provides:
"Such regulations shall be in accordance with a comprehensive plan and designed for one or more of the following purposes: to lessen congestion in the streets; secure safety from fire, panic and other dangers; promote health, morals or the general welfare; provide adequate light and air; prevent the overcrowding of land or buildings; avoid undue concentration of population. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality."
Thus it may be said that the ratio decidendi is whether the total prohibition bears a reasonable relationship to the purposes of zoning in light of the existing zoning pattern of the township, and the past, present and foreseeable future development of land use within its borders. To these factors must be added, among others, the area of the municipality, the size of its population, and in connection therewith the impact, if any, of regulated trailer parks upon land values and the general public welfare.
Exercising our original jurisdiction under R.R. 1:5-4 (a) we test the facts presented, by the cited standards. In addition to the uncontroverted proofs hereinabove set forth, it was conceded that the township occupies an area of 32 square miles. Its general characteristics are distinctly rural and its sprawling territory, relatively, is sparsely settled. Reference to the zoning map discloses that residence use has developed mainly in the northwesterly portion of the area along the Black Horse Pike. Provision *270 has been made for the natural expansion of this development by zoning the remainder of the northerly section and also the northeasterly section for residence use. However, with the exception of contiguous sections designated on the map as Clementona, Erial, Dicktown and Little Gloucester, the entire southerly half of the township is zoned mainly for industrial use. The entire picture presented very definitely gives the impression that the planned future of the township, as reflected by the high proportion industrial districts bear to the whole, does not contemplate that the township will become what is commonly called a "residential town." On the contrary it appears that the zoning power has been used in the hope of attracting industry. We pause to note parenthetically that on the oral argument it was revealed that during the pendency of this litigation the Township Committee, now so emphatically arguing the potentially residential character of the municipality, actually added to the already considerable industrial area by transferring a part of a residential district, fairly nearby, to the industrial district. Seemingly this demonstrates a marked inconsistency in the thinking and purposes of the governing body.
Viewing the facts comprehensively, we find it impossible to reconcile the complete exclusion of trailer parks with the rule laid down in the cited cases. Surely, in this vast rural area, there must be some portion in which the operation of trailer parks would be compatible with the scheme of zoning the township has seen fit to select, and yet would not adversely affect existing or future uses of property located anywhere in the township, and however zoned.
We therefore conclude that the amendment of the zoning ordinance of April 22, 1960 must be set aside as an unreasonable and arbitrary exercise of the zoning power. The township was, of course, at liberty to repeal the regulatory trailer ordinance, and its action in that regard will not be disturbed.
*271 This disposition of the case makes it unnecessary for us to pass upon the alleged irregularity in the combined action of the Township Committee and the Planning Board with respect to the extent of consideration given to the proposed amendment by such board. We pass no judgment thereon, but draw to the attention of both municipal bodies a pronouncement contained in the recent case of Reinauer Realty Corp. v. Borough of Paramus, 34 N.J. 406, 415 (1961):
"The administration of justice is not served by deliberate failure to follow established procedural rules. Procedural regularity is one of the essentials of the judicial process."
Reversed and remanded for proceedings not inconsistent herewith.